FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 21, 2017

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX on behalf of herself and all others similarly situation,<br><br>            Plaintiff,<br><br>  v.<br><br>JAMES CRAIG SWAPP, individually; and SWAPP LAW, PLLC, doing business as Craig Swapp and Associates,<br><br>            Defendants. | NO: 2:17-CV-275-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |

    BEFORE THE COURT is Defendants' Motion to Dismiss Class Action Complaint for failure to state a claim upon which relief may be granted, ECF No. 15. A hearing took place on December 20, 2017. Robert Barton and Thomas Jarrard appeared on behalf of Plaintiff Jade Wilcox. Barbara Duffy and Ryan McBride appeared on behalf of Defendants James Swapp and Swapp Law, PLLC (collectively, "Defendants"). The Court has reviewed the pleadings, heard the parties' arguments, and is fully informed.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 1

# BACKGROUND

Plaintiff Jade Wilcox brought this putative class action lawsuit against Defendants alleging that Defendants violated the Driver's Privacy Protection Act (DPPA), 18 U.S.C. §§ 2721-2725, by purchasing accident reports from the Washington State Patrol ("WSP") and using the information in the accident reports to solicit legal business. ECF No. 1.

The DPPA protects the "disclosure of personal information contained in the records of state motor vehicle departments (DMVs)." *Maracich v. Spears*, 133 S.Ct. 2191, 2195 (2013). The DPPA accomplishes this goal by regulating the "[s]tates' ability to disclose a driver's personal information without the driver's consent." *Reno v. Condon*, 528 U.S. 141, 144 (2000). The DPPA makes it "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record," for a use not encompassed by one of the enumerated exceptions. 18 U.S.C. § 2722(a). Any person who "knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." 18 U.S.C. § 2724(a).

The DPPA "sets forth the three elements giving rise to liability, *i.e.*, that a defendant (1) knowingly obtained, disclosed, or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted." *Howard v. Criminal Info. Servs., Inc.*, 654 F.3d 887, 890-91 (9th Cir. 2011) (quoting *Thomas v. George*,

*Hartz, Lundeen, Fulmer, Johnstone, King and Stevens, P.A.*, 525 F.3d 1107, 1111 (11th Cir. 2008)). The burden of proving these elements is on the plaintiff. *Id.*

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States because Plaintiff Wilcox alleges violations of the Driver's Privacy Protection Act (DPPA), 18 U.S.C. §§ 2721-2725.

## DISCUSSION

### *Legal Standard for Rule 12(b)(6) Motion to Dismiss*

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Ms. Wilcox alleges that Defendants violated the DPPA when they purchased collision report information from the WSP for the purpose of sending marketing materials. ECF No. 1 at 2. Ms. Wilcox alleges that Defendants purchased DPPA-protected collision report information and that they did so knowingly. *Id.*

Defendants argue that Ms. Wilcox's complaint contains conclusory statements and factual allegations insufficient to survive a motion to dismiss. Defendants argue that Ms. Wilcox must make specific factual allegations that the information in the two accident reports that have been introduced originated with Washington's Department of Licensing (DOL). Defendants also argue that Ms. Wilcox's allegations regarding the process by which the WSP prepares and gathers

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 4

collision report are legal conclusions rather than factual allegations because the allegations reference the Court's order granting a temporary restraining order in *Wilcox v. Batiste*, No. 17-cv-00122-RMP. *See* ECF No. 1, ¶¶ 4.9, 4.10. Finally, Defendants argue that Ms. Wilcox has failed to allege facts sufficient for the Court to infer that Defendants knew that information in the WSP collision reports came from the DOL.

Ms. Wilcox contends that she has set forth sufficient facts to establish a legal claim that survives the standard for a dismissal pursuant to Rule 12(b)(6). She argues that to prevail in their motion, Defendants must show that the complaint lacks plausible factual allegations. She contends that she has alleged that the two WSP collision reports at issue utilized personal information "obtained from the DMV's motor vehicle records." ECF No. 1, ¶¶ 4.25, 4.27. Ms. Wilcox contends that the fact that there are other possible sources for that information is irrelevant for the purposes of this motion to dismiss. Ms. Wilcox also argues that she has alleged sufficient facts for the Court to infer that Defendants had knowledge that the information they purchased was protected by the DPPA.

Ms. Wilcox alleges that Defendants possessed the knowledge required for establishing liability under the DPPA. ECF No. 1 at 14-15. She alleges four reasons to support her claim that Defendants knew that they were obtaining personal information in violation the DPPA when they purchased WSP collision reports. *Id.*

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 5

First, she alleges that Defendants purchased over 10,000 WSP collision reports, and that Defendants claim to practice law in the area of automobile accidents in Washington State and should be expected to have a working understanding of how Washington State collision reports are created. *Id.* at 14-15. Second, Ms. Wilcox alleges that Defendants knew, or should have known, that in 2013 the United States Supreme Court held that legal solicitation and marketing were not a permissible purpose under the DPPA. *Id.* at 14; *see Maracich*, 133 S.Ct. at 2195. Third, Ms. Wilcox alleges that a 2016 Washington State Bar Association complaint against Defendants put Defendants on notice that the practice of obtaining such information for marketing purposes was being challenged. *Id.* at 14-15. And, fourth, Ms. Wilcox alleges that Defendants had notice that using driver's license information to contact accident victims violated the DPPA, when Defendants were featured in a July 21, 2016, *Inlander* article. *Id.* at 15.

At oral argument, counsel for Ms. Wilcox argued that Defendants have made five errors in their argument for dismissal. First, Ms. Wilcox argues that Defendants have confused the standard for granting a dismissal pursuant to Rule 12(b)(6) with an inapplicable higher standard. The standard for deciding a Rule 12(b)(6) motion is whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Defendants appear to argue that the Court should make findings as to whether the accident

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 6

reports are created as Ms. Wilcox alleges. *See* ECF Nos. 15 and 19 and oral argument. In consideration of a motion to dismiss, the Court declines to make factual or legal findings beyond determining the sufficiency of the allegations in deciding this motion for dismissal.

Second, Ms. Wilcox argues that Defendants mislabel factual allegations as conclusory. A complaint based upon conclusory allegations will not survive a motion to dismiss. *See Twombly*, 550 U.S. at 555. However, the Court finds that Defendants have confused the concept of conclusory allegations with the accuracy of allegations. Ms. Wilcox does not need to prove the accuracy of her allegations at this stage of the proceedings. She only needs to allege sufficient facts to support that a claim to relief is plausible. Whether or not Ms. Wilcox's factual allegations, such as how DOL is involved in the production of accident reports, prove accurate at trial, the Court finds that Ms. Wilcox has made sufficient factual, rather than conclusory, allegations to support her claims.

Third, Ms. Wilcox argues that Defendants rely on extraneous documents to contradict the factual allegations in Ms. Wilcox's Complaint. On a motion to dismiss pursuant to Rule 12(b)(6), neither the parties nor the Court considers the probability of success on the merits. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Thus, as discussed previously, at this stage in the litigation the Court will not consider Defendants' arguments regarding the merits of Ms. Wilcox's claims in making its Rule 12(b)(6) finding.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 7

Fourth, Ms. Wilcox argues that Defendants draw inferences from allegations that Ms. Wilcox has not made regarding whether Ms. Wilcox personally provided her private information to the officer who prepared the WSP collision report. The Court concludes that Defendants are attempting to argue the probability of success on the merits of the case by raising these inferences, rather than challenging the sufficiency of Ms. Wilcox's factual allegations, which is the appropriate standard at the motion to dismiss level.

Fifth, Ms. Wilcox argues that Defendants combine Ms. Wilcox's factual allegations and draw legal inferences relating to the interpretation of "motor vehicle records" and whether any information that Ms. Wilcox may have provided personally is dispositive of her claims. Again, the Court finds that Defendants' arguments relate to the probability of success on the merits of the case, which is an issue appropriately raised at the summary judgment or trial level, rather than the sufficiency of Ms. Wilcox's factual allegations, which is the issue before the Court at this stage.

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. Taking Ms. Wilcox's factual allegations that Defendants knowingly purchased DPPA-protected information as true and the allegation that the collision reports are populated, in part, or in whole, with data collected by the DOL, the Court finds that Ms. Wilcox's Complaint alleges

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 8

sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the Court denies Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

*Class Action Dismissal*

At oral argument, Ms. Wilcox argued, and Defendants conceded, that any action to dismiss the putative class action is untimely. Defendants must wait until Ms. Wilcox files a motion for class certification to pursue dismissal of the class.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Class Action Complaint for Failure to State a Claim, **ECF No. 15**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 21, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge