FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX on behalf of herself and all others similarly situation, <br><br>Plaintiff, <br><br>v. <br><br>JAMES CRAIG SWAPP, individually; and SWAPP LAW, PLLC, doing business as Craig Swapp and Associates, <br><br>Defendants. | NO: 2:17-CV-275-RMP <br><br>PROTECTIVE ORDER |

**PROTECTIVE ORDER**

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Stipulated Protective Order does not confer blanket protection on all disclosures or responses to discovery, the protection

PROTECTIVE ORDER ~ 1

it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. "CONFIDENTIAL" MATERIAL

a. "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: documents containing information that is not publicly known and is of commercial value, documents containing sensitive personal information, or documents containing information required by law or agreement to be kept confidential. The parties agree that "Confidential" materials shall include but shall not be limited to, (1) Collision Reports obtained from the Washington State Patrol, containing any person's photograph, social security number, driver identification number, name, address, telephone number, or date of birth; (2) documents that refer or relate to personal information obtained from Collision Reports, which can be used to identify an individual, including an individual's photograph, social security number, driver identification number, name, address, telephone number, or date of birth; or (3) documents that reference any person's or entity's private financial information, including but not limited to bank account information, salary information, and information concerning business profits, revenues, and/or expenses.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from

PROTECTIVE ORDER ~ 2

confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Confidential material disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order.

When the litigation has been terminated, a receiving party must comply with the provisions of section 10 below.

Confidential material may be disclosed only to the following:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the receiving party;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) service providers such as copy or imaging service providers retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, including but not limited to witnesses who are current or former employees of the producing party (or non-party as the case may be), and witnesses who are identified as an author, recipient, or one who otherwise had access to or knowledge of the Confidential material prior to its production in

PROTECTIVE ORDER ~ 4

this action. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be so marked by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    4.3    <u>Filing Confidential Material</u>. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, or whether the document can be redacted. It is understood that upon the entry of the Stipulated Protective Order, the Court's *Procedures for the Filing of Sealed and Ex Parte Documents For Civil Cases* (8/26/15 Rev.)[1] shall apply, except that service of sealed documents shall be made via email rather than in paper.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that

---

[1] http://www.waed.uscourts.gov/sites/default/files/electronic_how/Sealed%20Handout%20for%20Civil%20Cases-20150827.pdf

PROTECTIVE ORDER ~ 5

qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a

portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the "CONFIDENTIAL" legend to each page that contains Confidential material.

      (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. The notice of designation must designate those specific portions of the testimony by page and line that the designating party designates as Confidential material. If a party states on the record that the deposition may include some

Confidential material, then that deposition shall be treated as Confidential material in its entirety until the expiration of 14 days following the delivery of the final transcript to all parties.

If a party or non-party desires to protect Confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation and to the extent reasonably feasible, the receiving party must make reasonable efforts to ensure that confidential material, which is the possession, custody or control of the receiving party, is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable,

substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations must include a certification, in the motion or in a declaration or affidavit, that the movant has met and conferred in good faith with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

/ / /

/ / /

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party (or non-party, as the case may be) in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order, including a copy of this Order as part of the notification; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

If the designating party seeks a protective order within 10 days of receiving notice of the subpoena, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by a court with authority to grant a protective order, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

PROTECTIVE ORDER ~ 10

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a) In the absence of agreement by the receiving party and the producing party that Paragraph 9(b) will apply, the inadvertent production of material in this litigation for which a producing party subsequently gives notice to receiving parties is subject to a claim of privilege or other protection, will governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. Upon receipt of any notice to the receiving party that identifies the document(s) or information mistakenly produced, the receiving party will promptly comply with the procedures set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

(b) Consistent with comments to Rule 502(d) of the Federal Rules of Evidence, the producing party and receiving party can agree that certain specified

material (documents or ESI) can be produced to allow production without prior privilege review for certain ESI and "claw-back" and "quick peek" arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product.

      (c) Consistent with Rule 502(d) of the Federal Rules of Evidence, any privilege or protection determined not waived by disclosure connected with the litigation pending before this Court will also not constitute a waiver in any other federal or state proceeding.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within sixty (60) calendar days after Final Disposition of this action, outside counsel and all other persons having possession or control of another party's Confidential material shall destroy such Confidential material. Each party shall give written notice of such destruction to outside counsel for the party that designated such material as Confidential. However, counsel may retain one copy of all pleadings or other papers filed with the Court for archival purposes. Further, counsel may maintain one copy of all attorney correspondence and consultant work product, deposition testimony and deposition exhibits containing Confidential material, and the trial record, in such a way as to maintain confidentiality.

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a Court order otherwise directs.

PROTECTIVE ORDER ~ 12

Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; or (3) the distribution of all proceeds to any Class certified under Fed. R. Civ. P. 23 as a result of a settlement or judgment.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

PURSUANT TO STIPULATION, IT IS SO ORDERED. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 21, 2018.

_____
ROSANNA MALOUF PETERSON
United States District Judge