Barbara J. Duffy, WSBA No. 18885   HON. ROSANNA MALOUF PETERSON
Ryan P. McBride, WSBA No. 33280
Kristin Beneski, WSBA No. 45478
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JADE WILCOX, on behalf of herself, and all others similarly situated,

    Plaintiff,

v.

SWAPP LAW PLLC, DBA CRAIG SWAPP AND ASSOCIATES; and JAMES CRAIG SWAPP, individually,

    Defendants.

No. 2:17-CV-275-RMP

**DEFENDANTS' SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

**JURY DEMAND**

## I. ANSWER

COME NOW Defendants Swapp Law, PLLC and James Craig Swapp, by and through their counsel of record, Barbara J. Duffy, Ryan P. McBride and Kristin Beneski of Lane Powell PC, and answer Plaintiff's Complaint with the following admissions, denials, and affirmative defenses:

1.1    Paragraph 1.1 of the Complaint states a legal conclusion and/or cause of action to which no answer is required. To the extent the allegations in Paragraph 1.1 may be construed as statements of fact, Defendants deny them.

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 1
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

1.2  Paragraph 1.2 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 1.2 may be construed as statements of fact, Defendants deny them.

1.3  Paragraph 1.3 of the Complaint states legal conclusions to which no answer is required. To the extent that the allegations in Paragraph 1.3 may be construed as statements of fact, Defendants answer as follows: Defendants admit that Swapp Law, PLLC lawfully purchased collision reports from the Washington State Patrol created by law enforcement agencies following motor vehicle accidents, and that Swapp Law, PLLC mailed a letter including a copy of a collision report involving Plaintiff to Plaintiff. Defendants deny all other allegations stated in Paragraph 1.3.

1.4  Paragraph 1.4 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 1.4 may be construed as statements of fact, Defendants answer as follows: Defendants admit that the Washington State Patrol did not require or request Swapp Law, PLLC, to obtain written consent from drivers in connection with the purchase of collision reports. Defendants deny all other allegations stated in Paragraph 1.4.

1.5  Paragraph 1.5 of the Complaint states a legal conclusion to which no answer is required and that the court's June 9, 2017 order speaks for itself. To the extent the allegations in Paragraph 1.5 may be construed as statements of fact, Defendants deny them.

1.6  Paragraph 1.6 of the Complaint states a legal conclusion and/or cause of action to which no answer is required. To the extent the allegations in Paragraph 1.6 may be construed as statements of fact, Defendants deny them.

2.1  Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 2.1 and, therefore, deny them.

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 2
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

2.2    Defendants deny the allegation regarding Swapp Law, PLLC's Spokane address and admit the other allegations stated in Paragraph 2.2.

2.3    Defendants admit that defendant Craig Swapp is a lawyer licensed to practice in the State of Washington. Defendants further admit that Craig Swapp and Swapp Law, PLLC have advertised their services in Washington in many different ways, not exclusively as identified in Paragraph 2.3. Except as admitted herein Defendants deny all remaining allocations stated in Paragraph 2.3.

3.1    Defendants admit the allegations stated in Paragraph 3.1.

3.2    Defendants admit this Court has jurisdiction over this matter. Defendants deny all remaining allegations stated in Paragraph 3.2.

3.3    Defendants admit that this Court has personal jurisdiction over Mr. Swapp. Defendants deny all other allegations stated in Paragraph 3.3.

3.4    Defendants admit the allegations stated in Paragraph 3.4.

4.1    Paragraph 4.1 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 4.1 may be construed as statements of fact, Defendants deny them.

4.2    Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 4.2, and therefore deny them.

4.3    Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 4.3, and therefore deny them.

4.4    Paragraph 4.4 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 4.4 may be construed as statements of fact, Defendants deny them.

4.5    Paragraph 4.5 of the Complaint states a legal conclusion to which no answer is required.

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 3
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

4.6   Paragraph 4.6 of the Complaint states a legal conclusion to which no answer is required.

4.7   Paragraph 4.7 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 4.7 may be construed as statements of fact, Defendants deny them.

4.8   Paragraph 4.8 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 4.8 may be construed as statements of fact, Defendants deny them.

4.9   Paragraph 4.9 of the Complaint states a legal conclusion to which no answer is required and that the court's June 9, 2017 order speaks for itself. To the extent the allegations in Paragraph 4.9 may be construed as statements of fact, Defendants deny them.

4.10   Paragraph 4.10 of the Complaint states a legal conclusion to which no answer is required and that the court's June 9, 2017 order speaks for itself. To the extent the allegations in Paragraph 4.10 may be construed as statements of fact, Defendants deny them.

4.11   Paragraph 4.11 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 4.11 may be construed as statements of fact, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.11 and, therefore, deny them.

4.12   Paragraph 4.12 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 4.12 may be construed as statements of fact, Defendants answer as follows: Defendants admit that Swapp Law, PLLC lawfully purchased collision reports from the Washington State Patrol and that certain information was redacted from those

DEFENDANTS' SECOND AMENDED ANSWER TO COMPLAINT - 4
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

131106.0001/7281867.2

reports. Defendants are without sufficient knowledge or information to form a belief as to the truth of other allegations in Paragraph 4.12 and, therefore, deny them.

4.13   Paragraph 4.13 of the Complaint states a legal conclusion to which no answer is required and that the court's June 9, 2017 order speaks for itself. To the extent the allegations in Paragraph 4.13 may be construed as statements of fact, Defendants deny them.

4.14   Defendants admit the allegations stated in Paragraph 4.14.

4.15   Defendants deny the allegations stated in Paragraph 4.15.

4.16   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.16 and, therefore, deny them.

4.17   Defendants deny the allegations stated in Paragraph 4.17.

4.18   Defendants state that the content of the July 21, 2016 *Inlander* article speaks for itself. To the extent that the allegations in Paragraph 4.18 may be construed as statements of fact, Defendants deny them.

4.19   Defendants deny the allegations stated in Paragraph 4.19.

4.20   Defendants admit that one of Plaintiff's counsel filed a bar grievance against Mr. Swapp, and that during those proceedings one of Plaintiff's counsel accused Swapp Law, PLLC of violating the DPPA. Defendants deny all other allegations stated in Paragraph 4.20.

4.21   Defendants state the contents of the April 28, 2015 letter speaks for itself. To the extent that the allegations in Paragraph 4.21 may be construed as statements of fact, Defendants deny them.

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 5
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

4.22   Defendants state the contents of the June 5, 2015 letter speaks for itself. To the extent that the allegations in Paragraph 4.22 may be construed as statements of fact, Defendants deny them.

4.23   Defendants state the contents of the May 27, 2016 letter speaks for itself. To the extent that the allegations in Paragraph 4.23 may be construed as statements of fact, Defendants deny them.

4.24   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.24 and, therefore, deny them.

4.25   Defendants admit the existence of a collision report labeled E448140 relating to Plaintiff, which speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of other allegations in Paragraph 4.25 and, therefore, deny them.

4.26   Defendants admit that Swapp Law, PLLC lawfully purchased collision report E448140 from the Washington State Patrol. Defendants deny all other allegations stated in Paragraph 4.26.

4.27   Defendants admit the existence of a collision report labeled E562485 relating to Plaintiff, which speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of other allegations in Paragraph 4.27 and, therefore, deny them.

4.28   Defendants admit that Swapp Law, PLLC lawfully purchased collision report E562485 from the Washington State Patrol. Defendants deny all other allegations stated in Paragraph 4.28.

4.29   Defendants admit that Swapp Law, PLLC sent a letter to Plaintiff dated July 14, 2016, and that contents of the letter speaks for itself. To the extent

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 6
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

that the allegations in Paragraph 4.29 may be construed as statements of fact, Defendants deny them.

4.30    Defendants deny the allegations stated in Paragraph 4.30.

4.31    Defendants admit that the majority of the attorneys at Swapp Law, PLLC practice in the area of automobile accidents, including the attorneys admitted in Washington. Defendants deny all other allegations stated in Paragraph 4.31.

4.32    Defendants state that the content of the July 21, 2016 *Inlander* article speaks for itself. Defendants deny all other allegations stated in Paragraph 4.32.

5.1    Paragraph 5.1 of the Complaint states a legal conclusion and/or cause of action to which no answer is required. To the extent the allegations in Paragraph 5.1 may be construed as statements of fact, Defendants deny them.

5.2    Paragraph 5.2 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.2 may be construed as statements of fact, Defendants answer as follows: Defendants deny that collision reports lawfully purchased from the Washington State Patrol contained personal information. Defendants are without sufficient knowledge or information to form a belief as to the truth of other allegations in Paragraph 5.2 and, therefore, deny them.

5.3    Paragraph 5.3 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.3 may be construed as statements of fact, Defendants deny them.

5.4    Paragraph 5.4 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.4 may be construed as statements of fact, Defendants deny them.

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 7
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

5.5     Paragraph 5.5 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.5 may be construed as statements of fact, Defendants are without sufficient knowledge or information to form a belief as to the truth of other allegations and, therefore, deny them.

5.6     Paragraph 5.6 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.6 may be construed as statements of fact, Defendants deny them.

5.7     Paragraph 5.7 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.7 may be construed as statements of fact, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

5.8     Paragraph 5.8 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.8 may be construed as statements of fact, Defendants deny them.

5.9     Paragraph 5.9 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.9 may be construed as statements of fact, Defendants deny them.

5.10    Paragraph 5.10 of the Complaint states a legal conclusion to which no answer is required. To the extent the allegations in Paragraph 5.10 may be construed as statements of fact, Defendants deny them.

5.11    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5.11 and, therefore, deny them.

DEFENDANTS' SECOND AMENDED ANSWER TO COMPLAINT - 8
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

131106.0001/7281867.2

5.12    Paragraph 5.12 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 5.12 may be construed as statements of fact, Defendants deny them.

5.13    Paragraph 5.13 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 5.13 may be construed as statements of fact, Defendants deny them.

6.1    Answering Paragraph 6.1 of the Complaint, Defendants restate their denials and admissions in the preceding paragraphs.

6.2    Paragraph 6.2 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.2 may be construed as statements of fact, Defendants deny them.

6.3    Paragraph 6.3 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.3 may be construed as statements of fact, Defendants deny them.

6.4    Paragraph 6.4 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.4 may be construed as statements of fact, Defendants deny them.

6.5    Paragraph 6.5 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.5 may be construed as statements of fact, Defendants deny them.

6.6    Paragraph 6.6 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.6 may be construed as statements of fact, Defendants answer as follows: Defendants admit that Swapp Law, PLLC lawfully purchased collision reports from the Washington State Patrol, including reports involving Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth of the

DEFENDANTS' SECOND AMENDED ANSWER TO COMPLAINT - 9
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

131106.0001/7281867.2

allegation regarding the number of collision reports purchased and, therefore, deny it. Defendants deny all other allegations stated in Paragraph 6.6.

6.7    Paragraph 6.7 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.7 may be construed as statements of fact, Defendants deny them.

6.8    Paragraph 6.8 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.8 may be construed as statements of fact, Defendants deny them.

6.9    Paragraph 6.9 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.9 may be construed as statements of fact, Defendants deny them.

6.10   Defendants deny the allegations stated in Paragraph 6.10.

6.11   Paragraph 6.11 of the Complaint states a legal conclusion to which no answer is required. To the extent that the allegations in Paragraph 6.11 may be construed as statements of fact, Defendants deny them.

A - I   Answering Paragraphs A–I in the Prayer for Relief, Defendants deny that Plaintiff or any member of the putative class is entitled to any of the relief set forth as requested in the complaint or otherwise in this action.

## II. GENERAL DENIALS AND AFFIRMATIVE DEFENSES

Defendants hereby allege the following separate and distinct defenses, general denials and affirmative defenses without conceding that Defendants necessarily bear the burden of proof or persuasion:

1.    The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Defendants.

2.    Plaintiff and members of the putative class have not suffered a concrete injury and, therefore, lack standing to bring their claims.

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 10
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

3.  The Complaint and each claim set forth therein is barred because Defendants did not act "knowingly" within the meaning of the Driver's Privacy Protection Act. *See* 18 U.S.C. § 2724(a).

4.  The collision reports relating to Plaintiff and members of the putative class are not subject to 18 U.S.C. § 2721, *et seq.* because collision reports purchased from the Washington State Patrol (1) are not "motor vehicle records," as defined by 28 U.S.C. § 2725(1), (2) do not contain "personal information," as defined by 28 U.S.C. § 2725(3), and/or (3) were not disclosed by or obtained from "[a] State department of motor vehicles," 28 U.S.C. § 2721(a).

5.  Defendants' alleged acquisition and/or use of personal information from a motor vehicle record was permissible, in whole or in part, under 18 U.S.C. § 2721(b)(4) to the extent Defendants acquired or used collision reports containing putative class members' personal information on behalf of current or former clients in connection with actual or anticipated litigation, and/or under 18 U.S.C. § 2721(b)(14) to the extent Defendants acquired or used collision reports containing information that the Washington State Patrol was authorized by law to publicly disclose.

6.  Any actions Defendants took in relation to this lawsuit, they took in reasonable reliance on actual or perceived approval by the Washington State Patrol, a state agency in a better position than Defendants to understand the nature of the collision reports it sold.

7.  Defendant Craig Swapp is not a proper defendant in this action and cannot be personally liable for the alleged conduct of others.

8.  Plaintiff's claims and the claims of members of the putative class are barred in whole or in part by the doctrine of laches because Plaintiff and members of the putative class delayed asserting their rights, and that such delay

DEFENDANTS' SECOND AMENDED ANSWER TO COMPLAINT - 11
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

prejudiced Defendants. Prejudice may include, but is not limited to, the dissipation of evidence relating to Plaintiff's claims and the claims of members of the putative class and Defendants' defenses thereto.

9. The doctrines of waiver and estoppel may bar the claims of some of the putative class to the extent any such member consented to or accepted the benefits of Defendants' alleged acquisition and/or use of personal information from a motor vehicle records including, but not limited to, instances where any such member retained or sought legal advice from Defendants.

10. To the extent Plaintiff claims to have suffered or sustained any actual loss, injury, damage or detriment, Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages, if any.

11. To the extent Plaintiff claims to have suffered or sustained any actual loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, and/or activities of Plaintiff, the Washington State Patrol or other third-parties, and not by Defendants, and that such conduct, acts, omissions, and/or activities constitute the intervening and superseding cause of her alleged damages, if any.

12. The "liquidated damages" provision in 18 U.S.C. § 2724(b)(1) provides for an excessive fine or award of damages unrelated to the actual damages of Plaintiff or any member of the putative class and is thus in violation of the Fifth and Eighth Amendments to the United States Constitution.

13. Plaintiff's claims are not typical of the claims of the putative class, and any common questions of law or fact do not predominate over questions affecting only individual members of the putative class.

14. Plaintiff cannot meet the prerequisites for a class action under Rule 23.

DEFENDANTS' SECOND AMENDED ANSWER
TO COMPLAINT - 12
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend its Answer accordingly.

### III. DEFENDANTS' REQUESTS FOR RELIEF

Defendants respectfully request:

1. That Plaintiff take nothing by way of the Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff; and

3. That Defendants be granted such other relief as the Court deems just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and LR 38.1, Defendants Swapp Law, PLLC and James Craig Swapp, by and through their counsel of record, requests and demands a trial by a jury of twelve (12) on all issues so triable in the above-captioned matter.

DATED: May 9, 2018

LANE POWELL PC

By *s/Barbara J. Duffy*
Barbara J. Duffy, WSBA No. 18885
duffyb@lanepowell.com
Ryan P. McBride, WSBA No. 33280
mcbrider@lanepowell.com
Kristin Beneski, WSBA No. 45478
beneskik@lanepowell.com
Telephone: 206.223.7000
Facsimile: 206.223.7107
Attorneys for Defendants

DEFENDANTS' SECOND AMENDED ANSWER TO COMPLAINT - 13
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

Executed on the 9th day of May, 2018, at Seattle, Washington.

```
                                s/Kristin Beneski
                                Signature of Attorney
                                WSBA No. 45478
                                Typed Name: Kristin Beneski
                                Address: 1420 Fifth Avenue, Suite 4200
                                P.O. Box 91302
                                Seattle, WA 98111-9402
                                Telephone: 206.223.7000
                                Fax: 206.223.7107
                                E-mail: beneskik@lanepowell.com
                                Attorney(s) For: Defendants
```

DEFENDANTS' SECOND AMENDED ANSWER TO COMPLAINT - 14
No. 2:17-CV-275-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131106.0001/7281867.2