FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX on behalf of herself and all others similarly situation,<br><br>                           Plaintiff,<br><br>     v.<br><br>JAMES CRAIG SWAPP, individually; and SWAPP LAW, PLLC, doing business as Craig Swapp and Associates,<br><br>                           Defendants. | NO: 2:17-CV-275-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT are Defendants' Motion to Compel Compliance with Subpoena, Plaintiff's Motion for Protective Order, and Plaintiff's Motion for Leave to File Excess Pages. ECF Nos. 75, 83, & 84. Defendants James Craig Swapp and Swapp Law, PLLC (collectively, "Defendants") move to compel compliance with subpoenas served on James Sweetser and Sweetser Law Office (collectively, "Sweetser"). ECF No. 75. In addition, Plaintiff Jade Wilcox moves for a protective order for James Sweetser and his Sweetser Law Office in her response to

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1

1  Defendants' motion, ECF No. 84, and for leave to file an overlength motion for

2  protective order, ECF No. 83.  The Court has reviewed the parties' motions and the

3  record and is fully informed.

## BACKGROUND

5  This case involves allegations that Defendants violated the Driver's Privacy

6  Protection Act ("DPPA"), 18 U.S.C. §§ 2721–2725, by purchasing accident reports

7  from the Washington State Patrol ("WSP") and using drivers' personal information

8  from the accident reports to solicit clients for Defendants' personal injury law

9  practice.  *See* ECF No. 1.  Pursuant to the jury trial scheduling order, ECF No. 29,

10  the parties have been exchanging discovery.

11  With this motion, Defendants ask the Court to compel Sweetser to produce

12  documents related to their investigation of Defendants' purchases of accident reports

13  before Sweetser began its representation of Ms. Wilcox.  ECF No. 75.  The

14  subpoena compels Sweetser to produce the following to Defendants:

> 1. Documents reflecting communication between you and any individual, agency, or entity concerning the process by which law enforcement personnel create and complete Collision Reports, including but not limited to communications with the Washington State Patrol, the Department of Licensing, the Office of the Attorney General, the Washington State Bar Association, reporters and editors of the *Inlander* publication, members of the Bar, and participants in internet forums and e-mail listservs, such as WSAJ listservs.
>
> 2. Documents reflecting communication between you and any individual,

agency, or entity concerning the DPPA, including but not limited to communications with the Washington State Patrol, the Department of Licensing, the Office of the Attorney General, the Washington State Bar Association, reporters and editors of the *Inlander* publication, members of the Bar, and participants in internet forums and e-mail listservs, such as WSAJ listservs.

3. Documents reflecting communication between you and any individual, agency, or entity concerning the actual or possible violation of any federal or state statute, ethical rule or common law standard arising from the disclosure, sale, purchase or use of Collision Reports for marketing, advertising or solicitation purposes, including but not limited to communications with the Washington State Patrol, the Department of Licensing, the Office of the Attorney General, the Washington State Bar Association, reporters and editors of the *Inlander* publication, members of the Bar, and participants in internet forums and e-mail listservs, such as WSAJ listservs.

4. Documents reflecting communication between you and any individual, agency, or entity concerning Swapp, including but not limited to communications with the Washington State Patrol, the Department of Licensing, the Office of the Attorney General, the Washington State Bar Association, reporters and editors of the *Inlander* publication, members of the Bar, and participants in internet forums and e-mail listservs, such as WSAJ listservs.

ECF No. 76-15 at 6–7.

Defendants argue that the documents are not privileged because they are not related to the representation of Ms. Wilcox and that they are relevant to Ms. Wilcox's claims because they formed the basis of the allegations in the complaint. *Id.* Additionally, Defendants assert that Mr. Sweetser is a fact witness in this case because of his correspondence with third parties prior to his representation of Ms. Wilcox and the potential class. ECF No. 75 at 13.

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 3

Ms. Wilcox and Sweetser oppose the motion to compel, arguing the subpoena seeks information that is irrelevant, overly burdensome, protected as work product, and available from third party sources, including requests for public disclosure from state agencies. ECF No. 84. Sweetser argues that Defendants must meet a higher-than-ordinary burden to justify the subpoena due to the *Shelton* doctrine, which states that an increased burden applies when parties seek discovery from opposing counsel. *Id.* Additionally, Ms. Wilcox and Sweetser moved for a protective order and sanctions to compensate Sweetser for the cost of defending against the motion to compel. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas over non-parties in civil cases. Fed. R. Civ. P. 45. If a non-party is issued a subpoena, and objects to the subpoena's commands, the issuing party may move for compliance with the subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i). A district court should quash or modify a subpoena that requires the disclosure of privileged or protected matters or subjects the non-party to an undue burden. Fed. R. Civ. P. 45(d)(3)(A). Otherwise, the non-party should produce the documents requested by the subpoena as long as the documents are relevant and proportional to the needs of the case under Rule 26 and not protected by privilege. *Fujikura Ltd. v. Finisar Corp.*, No. 15-MC-80110-HRL (JSC), 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015).

# DISCUSSION

## *Standard for Subpoenaing Opposing Party's Counsel*

Sweetser argues that a heightened discovery standard, known as the *Shelton* doctrine, applies when a party subpoenas the opposing party's counsel for discovery. ECF No. 84 at 5. Defendants argue that the heightened standard does not apply. ECF No. 75 at 9–15.

The *Shelton* doctrine requires parties seeking discovery from opposing counsel to meet a heightened burden to obtain that discovery. *Shelton v. Am. Motor Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Under the *Shelton* doctrine, before the discovery into opposing counsel is permitted, a party must show that (1) no other means exist to obtain the desired discovery; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Id.*

However, it is unclear whether the *Shelton* doctrine is applicable in this dispute. First, the Ninth Circuit has never expressly adopted the *Shelton* framework. *In re Allergan, Inc.*, No. 14-cv-2004-DOC (KES), 2016 WL 5922717, at *3 (C.D. Cal. Sept. 23, 2016). Second, it is unclear whether the *Shelton* doctrine applies to all forms of discovery, considering that *Shelton* concerned taking depositions of opposing counsel, as opposed to serving a subpoena duces tecum on counsel. *Shelton*, 805 F.2d at 1327. Regardless, the Court finds that the applicability of the *Shelton* doctrine is not dispositive to the outcome of this motion. Therefore, the

Court does not make a ruling as to whether the *Shelton* doctrine applies to this dispute.

***Work Product Protection***

Sweetser claims that the documents subpoenaed by Defendants are protected work product. ECF No. 84 at 11. Defendants argue that the documents are not protected work product. ECF No. 94 at 8.

Under Rule 26, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). If a court orders disclosure of the documents and tangible things described above, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Interpreting this rule, the Ninth Circuit has held that, to qualify for work-product protection, documents must (1) be prepared in anticipation of litigation or trial and (2) be prepared by or for another party or by or for that other party's representative. *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004). The party asserting immunity from producing documents bears the burden of establishing that the work product doctrine applies and has not been waived. *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).

Defendants argue that the documents that they requested in the subpoena do not relate to the representation of Ms. Wilcox because the documents would have

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 6

been created prior to Sweetser's representation of Ms. Wilcox, which began in August of 2016. ECF No. 94 at 8. Even though Defendants claim that the documents requested are simply "communications with third-parties—years before [Sweester] met Wilcox in August 2016," the original subpoena does not refer to any limiting dates. ECF No. 76-15 at 6-7; 94 at 8. It was only after Sweetser objected to the original subpoena that Defendants added a temporal limitation. *See* ECF No. 76-17 at 3 ("Accordingly, Sweetser may limit his search to documents created between (i) January 1, 2014 . . . and (ii) the beginning of his representation of Ms. Wilcox in the *Bastiste* matter."). Defendants argue that because they only seek documents created prior to Sweetser's representation of Ms. Wilcox, the work product doctrine does not apply. ECF No. 94 at 9.

In response, Sweetser argues that its documented communication with third parties prior to its representation of Ms. Wilcox regarding Defendants' practices were created "while conducting an investigation and research on behalf of multiple clients who were complaining about Swapp's mailers." ECF No. 84 at 13. However, Defendants argue that Sweetser's communications were not done on behalf of clients, but for Sweetser's own self-interest. *See* ECF No. 76-1 at 3 ("I would like to receive the same public disclosure information as the Swapp law firm so my law firm can continue to be competitive."); ECF No. 76-2 at 3 ("Before I decide to implement the same direct marketing strategy as my competitors, I want to make sure that I am comply [*sic*] with the law."); ECF No. 76-3 at 12 ("If [the

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 7

practice] is permissible, I intend to copy my competitors and request random accident reports so that I can implement direct mailing to injured parties with the intent of retaining the client, improving my profitability, and gaining a competitive advantage.").

The Court first determines whether the documented communications were made in anticipation of litigation. *In re Grand Jury Subpoena*, 357 F.3d at 907. A document should be considered prepared in anticipation of litigation if "'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *Id.* (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 *Federal Practice & Procedure* § 2024 (2d ed. 1994)). Here, as Defendants admit in their motions, Sweetser was investigating whether Defendants' practice was legal. ECF No. 75 at 3–4. These communications potentially developed into the current litigation between the parties. Accordingly, it can be fairly said that the communications were made because of the prospect of litigation. *In re Grand Jury Subpoena*, 357 F.3d at 907.

The second element of work product protection is that the evidence was made by or for another party. *In re Grand Jury Subpoena*, 357 F.3d at 907. Defendants argue that the documents could not have been made by or for another party if the documents were made before Sweetser's representation of Ms. Wilcox. ECF No. 94 at 9. However, Defendants ignore several aspects of this situation. First, this is a

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 8

putative class action. It is possible that Sweetser was investigating the putative class members other than Ms. Wilcox, as Sweetser affirms in its motion. ECF No. 84 at 13.

Second, Defendants ignore the ethical obligations that a plaintiff's counsel has to investigate prior to filing a complaint. If Defendants' interpretation were correct, any evidence uncovered from an attorney's investigation prior to filing a complaint could be considered discoverable. The attorney would be in an untenable position: pursuant to Fed. R. Civ. P. 11, the attorney must investigate to ensure that a good faith basis exists to file claims, but then would be faced with having any of the attorney's investigatory documents not covered by the work product privilege and subject to discovery requests. *See* Fed. R. Civ. P. 11 (stating that attorneys must ensure that their legal contentions are warranted by existing law and factual contentions have evidentiary support). Such a conclusion would circumvent the very protections that the work product doctrine was originally meant to provide. *See Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947) ("[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference."). Similar contradictions would occur if plaintiff's counsel could be

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 9

deemed to be a "fact witness," as Defendants claim in this case, solely because plaintiff's counsel performed the due diligence required before filing a lawsuit.

To support their argument, Defendants cite *Doubleday v. Ruh*, arguing that this case stands for the proposition that an attorney's communications cannot be work product if the communications were made prior to the beginning of representation. ECF No. 94 at 9. In that case, the plaintiff sued Sacramento County and its police officers, arguing that the officers used excessive force in arresting her and coerced the Sacramento County District Attorney into prosecuting her for assault and battery. *Doubleday v. Ruh*, 149 F.R.D. 601, 604 (E.D. Cal. 1993). The plaintiff served subpoenas duces tecum to three Sacramento County deputy district attorneys for records and information related to the plaintiff's prosecution. *Id.* The deputy district attorneys and the defendants refused to produce the documents requested by the subpoenas, arguing that the documents were protected work product because Sacramento County was a party to the plaintiff's criminal prosecution. *Id.* They argued that even though the documents were made for a different case, the documents were protected in subsequent litigations as well. *Id.* at 605.

The district court found that the work product privilege did not apply to the documents created for the plaintiff's prosecution in her prior criminal case. *Doubleday*, 149 F.R.D. at 605. The district court held that the County was not actually a party to the prior lawsuit, because the plaintiff in a criminal case in

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 10

California is "The People of the State of California." *Id.* Accordingly, if Sacramento County was not a party to the previous litigation, the deputy district attorneys' documents were not protected work product. *Id.* at 606. As the district court concluded, "the County cannot assert the work product immunity because the work product was never prepared for it." *Id.*

The holding of the *Doubleday* court is not applicable to the present situation. Sweetser's communications were made for the purpose of discovering whether Ms. Wilcox and the putative class's claims had legal merit. Ms. Wilcox and the putative class are actual parties to this litigation, unlike Sacramento County in *Doubleday*. *Doubleday* does not stand for the proposition that documents are not entitled to work product protection if they were not created for an existing client; rather, it can be interpreted to support the proposition that documents do not have work product protection if the documents were made for someone who never was a client in the first place. Here, Ms. Wilcox and the putative class are clients.

The Court finds that Sweetser's communications with third parties were made in preparation of litigation by or for Ms. Wilcox and the putative class, satisfying the work product test. See *In re Grand Jury Subpoena*, 357 F.3d at 907. For this reason, the Court finds that the work product privilege applies and quashes Defendants' subpoena.

Although the Court finds that the motion to quash should be granted based on the work product doctrine, the Court also considers whether the subpoenaed

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 11

documents would be subject to discovery if the work product privilege did not apply in order to complete the record for review by any future court.

***Relevance of Discovery***

Defendants argue that the documented communications they seek from Sweetser are relevant. ECF No. 75 at 10–12. Sweetser argues that the communications are not relevant. ECF No. 84 at 5.

Evidence is discoverable if it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To determine whether information is relevant and proportional, courts analyze "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' own resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* If proposed discovery falls outside the scope permitted by Rule 26(b)(1), the court "must limit" the proposed discovery. Fed. R. Civ. P. 26(b)(2)(C). "On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Fujikura Ltd.*, 2015 WL 5782351, at *3.

Defendants argue that the communications are relevant because the communications formed the basis for both Sweetser's petition to the Washington State Bar Association, the complaints in this case, and the *Bastiste* case. ECF No.

ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 12

75 at 10–12. However, Defendants fail to justify how the communications themselves relate to the parties' claims or defenses. It is not apparent how the communications that Sweetser had with other parties prior to its representation of Ms. Wilcox prove or disprove the legality of Defendants' practices. The Court finds no basis for concluding that Sweetser's communications with third parties prior to the filing of the present complaint has any bearing on whether Defendants' practices were legal under the DPPA, or on the merits of the claims by Ms. Wilcox and the putative class.

The Court finds that Defendants' subpoena to Sweetser seeks the discovery of irrelevant information. Therefore, the Court denies Defendants' motion to compel and quashes Defendants' subpoena.

***Sweetser's Motion for Protective Order***

In response to Defendants' motion to compel, Sweetser moved for a protective order. ECF No. 84 at 14. Defendants object to Sweetser's inclusion of a motion for a protective order in a response. ECF No. 94 at 2.

Any person from whom discovery is requested may move for a protective order to protect itself from improper discovery requests. Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* The district court's order may forbid the disclosure of discovery or forbid inquiry into certain matters, among other things. *Id.*

The Court does not find that good cause exists to issue a protective order at this time. The Court has denied Defendants' motion to compel and quashed the subpoena. Sweetser does not have to disclose the documents in question. There is no basis for concluding that Defendants will make a similar discovery request. Therefore, the Court denies Sweetser's request for a protective order. However if Defendants serve similar discovery requests on Sweetser, Sweetser has leave to renew his motion for a protective order.

*Sweetser's Request for Sanctions*

Sweetser also moved for sanctions against Defendants for issuing an unduly burdensome and broad subpoena under Rule 45(d)(1) of the Federal Rules of Civil Procedure. ECF No. 84 at 16.

Rule 45(d)(1) reads:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1)

Sanctions under Rule 45(d)(1) are discretionary. *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). Courts have issued sanctions under Rule 45(d)(1) when parties issued subpoenas in bad faith, for an improper purpose, or in a

manner inconsistent with existing law. *Id.* However, losing a motion to compel or failing to narrowly tailor a subpoena should not expose a party to sanctions. *Id.*

Here, the Court denied Defendants' motion to compel and quashed the subpoena. However, the Court has not found that Defendants acted in bad faith, for an improper purpose, or in a manner inconsistent with existing law. *Legal Voice*, 738 F.3d at 1185. Sweetser's request for sanctions is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Compel Compliance with Subpoena, **ECF No. 75**, is **DENIED**.

2. Defendants' Subpoena to Produce Documents issued to James R. Sweetser and Sweetser Law Offices, **ECF No. 76-15**, is **quashed**.

3. Plaintiffs' Motion for Leave to File Excess Pages, **ECF No. 83**, is **GRANTED**, and Plaintiffs' Motion for Protective Order, ECF No. 84, is accepted in its entirety.

4. Plaintiffs' Motion for Protective Order and Sanctions, **ECF No. 84**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 6, 2018.

         *s/ Rosanna Malouf Peterson*
         ROSANNA MALOUF PETERSON
         United States District Judge