1

```
                    IN THE UNITED STATES DISTRICT COURT
                 IN AND FOR THE EASTERN DISTRICT OF WASHINGTON
------------------------------
                                    )
JADE WILCOX, on behalf of           )
herself, and all others             )
similarly situated,                 )   NO. 2:17-CV-275-RMP
                                    )
              Plaintiff,            )
                                    )
              -vs-                  )
                                    )
JAMES CRAIG SWAPP,                  )
individually; and SWAPP LAW,        )
PLLC, doing business as Craig       )
Swapp and Associates,               )
                                    )   May 23, 2019
                                    )   Yakima, Washington
              Defendants.           )
------------------------------


              CORRECTED VERBATIM REPORT OF PROCEEDINGS
                              SETTLEMENT

                 BEFORE THE HONORABLE LONNY R. SUKO
                  SENIOR UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:          THOMAS G. JARRARD
                            Attorney at Law
                            1020 N. Washington
                            Spokane, WA 99201

                            ROBERT JOSEPH BARTON
                            Attorney at Law
                            1735 20th St. NW
                            Washington, DC 20009

FOR THE DEFENDANTS:         JAMES B. KING
                            Attorney at Law
                            818 W. Riverside, Ste. 250
                            Spokane, WA 99201
```

# Errata Sheet

Case Name:   Jade Wilcox v. James Craig Swapp, et al.

Case Number:  2:17-CV-275-RMP

The following correction(s) has been made:

 Corrected speaker identification Page 3, line 14

 Corrected typo Page t, line 20

by:___Lynette Walters_____          Date: _6-13-17_____
        Official Court Reporter

```
1  REPORTED BY:                    Lynette Walters, RPR, CRR, CCR
                                   Official Court Reporter
2                                  P. O. Box 845
                                   Yakima, WA  98907
3                                  (509) 573-6613

4  Proceedings reported by mechanical stenography; transcript
   produced by computer-aided transcription.
5
```

1      (MAY 23, 2019, 5:26 P.M.)
2           THE COURT:  We're going on the record in this case at
3  this time to memorialize the terms of an agreement which has
4  been arrived at by the parties.  The agreement anticipates a
5  formal execution of additional paperwork that's not yet before
6  us, but is intended to fully cover the matters which have been
7  at issue in this litigation.
8           The parties have been present throughout the day.  And
9  at this time I'm going to turn the podium over to counsel for
10 the defense, who will read in the terms.  Mr. Jarrard and Mr. --
11          MR. BARTON:  Joseph Barton, counsel for plaintiffs,
12 Your Honor.
13          THE COURT:  That's the first time.
14          MR. BARTON:  Thank you, Your Honor.  Thomas Barton on
15 behalf of Jade Wilcox and other similarly situated folks.  This
16 is Cause No. 17-CV-275.
17          The financial arrangements with regard to the
18 settlement will be a payment of $850,000 to the class, of which
19 $400,000 will be paid 10 days before the final approval hearing,
20 and $450,000 dollars will be paid six months -- within six
21 months of the final approval hearing date, or June 1st, 2020,
22 whichever is sooner; the payment of $100,000 in 60 days, which
23 will be utilized for the costs of administration, litigation
24 expenses, and service award, a total of $950,000 for those three
25 items I just previously read.

1           For the remainder of the $2 million settlement,
2  $1,050,000 will be paid over two and a half years in three equal
3  payments, beginning on the earlier of December 1, 2020, or
4  within one year of the date of the final approval hearing.  The
5  second payment will be due on the earlier of December 1, 2021,
6  or two years from the date of the final approval hearing.  The
7  third payment will be due on June 1st, 2022, or 30 months from
8  the date of the final approval hearing.
9           There will be a cashout incentive discount if the full
10 amount is paid within one year, and cashout on the earlier of
11 December 1, 2020, or one year of the date of the final approval
12 hearing, of $150,000.  That is $900,000, in total, of the
13 remainder.
14          There is a second cashout early discount for payment
15 within two years of the date of final approval hearing.  That
16 discount is $50,000.  That is $1 million remainder.
17          If there is no early payment within the first year,
18 Mr. Swapp makes his personal guarantee.  An accelerating clause
19 will be included in the settlement agreement.  If the firm is
20 sold, dissolved, or Mr. Swapp stops involvement in the firm,
21 Mr. Swapp suffers disability, illness, or divorce, whatever the
22 remaining term of the payments is, Mr. Swap will designate a
23 life insurance policy, be it existing or another policy, for the
24 amount that's remaining, designating the plaintiffs' law firms
25 as the beneficiaries, confession of judgment or any default, and

5

1   the plaintiff will enter into a stipulated protective order
2   regarding Mr. Swap's personal, as well as law firm's, financial
3   records.
4           THE COURT:  Thank you.  Mr. Barton.
5           MR. BARTON:  Joseph Barton, also for the plaintiff.
6   With respect to certain nonmonetary terms, the settlement class
7   that we were going to be -- have agreed upon will be the class
8   previously certified by the court.  Defendants are going to
9   withdraw and not oppose any class certification -- or withdraw
10  any opposition, and will not oppose further class certification.
11  The settlement will be conditioned upon the court certifying the
12  class finally, pursuant to Rule 23(b)(3), and, of course,
13  granting final approval.
14          Any award of attorney's fees, any additional expenses
15  not paid out of the $100,000, and any additional amount or class
16  service award will be paid out of -- I'm sorry.  I misread that.
17  Any award of attorney's fees or any additional amount of
18  expenses will be paid out of the $1,050,000.
19          After deduction of any court awarded expenses or class
20  representative service awards, the net settlement amount of the
21  $950,000 will be paid to class members pursuant to a plan of
22  allocation to be proposed by class counsel.  Defendants will not
23  have any input on the plan of allocation.
24          Next, no proof of claim form will be required to be
25  submitted by class members who have been identified on accident

6

1  reports produced by defendants.  Administration costs of
2  sending, including mailing the class notice to the class, will
3  be paid out of the $950,000, primarily expected to be paid out
4  of the $100,000 Mr. Jarrard described.
5           As the members of the class should be able to be
6  identified by records, the settlement will not require
7  publication notice other than by website.  Costs relating to
8  distribution of the settlement funds will be paid out of the
9  settlement fund.
10          Defendants will agree in writing to refrain from
11 purchasing police traffic collision reports in Washington State
12 for the purpose of acquiring contact information for potential
13 clients, and marketing to them, and for sending marketing
14 materials to potential clients.
15          Within a time after final approval, defendants will
16 destroy all police traffic collision reports involving class
17 members that they have previously obtained, and all records
18 containing photographs of Social Security numbers, driver's
19 license identification numbers, names, addresses, telephone
20 numbers, and medical or disability information they obtained
21 from such reports.  Defendants will certify that those records
22 have been destroyed.
23          To the extent reasonably possible, defendants will
24 identify in writing any third parties to whom they have provided
25 police traffic collision reports involving class records, or

7

1  records containing photographs, Social Security numbers,
2  driver's identification numbers, names, addresses, telephone
3  numbers, and medical or disability information they obtained
4  from such reports and will advise such third parties that
5  plaintiff and the class consider those records to contain
6  information protected by the DPPA.
7           Next, plaintiffs in the class will release defendants
8  from all claims arising from defendant's acquisition and use of
9  police traffic collision reports that defendants have identified
10 as involving class members, and will dismiss with prejudice
11 their claims asserted in the complaint against defendants upon
12 entry of final approval of the class action by the court.
13          To the extent reasonably possible, defendants will
14 provide material accurate data to identify class members.  The
15 settlement is conditioned on the number of police traffic
16 collision reports which were purchased by defendants involving
17 class members, that that number of reports does not exceed
18 9,000.  I think that's what we've got.
19          THE COURT:  Thank you.  Thank you, Mr. Barton.
20          MR. KING:  May I just make one clarification.
21          THE COURT:  Mr. King.
22          MR. KING:  On the financial part of it, the
23 understanding is that, on the $1,050,000 obligation, that the
24 primary obligor on that during -- the only obligor on that
25 during the first year is the law firm.  At the end of the first

1  year, Mr. Swapp becomes a guarantor and will be also impressed
2  with a confession of judgment if there's a default.  Also, if
3  there's a firm dissolution within the first year, Mr. Swapp will
4  become a guarantor of that amount.  But the intent is, in that
5  first year, that the obligation is that of the law firm, to free
6  Mr. Swapp to attempt to raise sufficient funds to be able to
7  liquidate the obligation prior to the end of the first year.  I
8  want to make sure that that's --
9           MR. BARTON:  That's correct.  That's our
10 understanding, yes.
11          MR. KING:  Okay.
12          THE COURT:  Are there any additional terms, Mr. King,
13 that have not been covered?
14          MR. KING:  No, Your Honor.  I believe that covers the
15 agreement that we've worked out today with the court's
16 assistance.
17          THE COURT:  Mr. Barton, any additional terms that need
18 to be placed of record?
19          MR. BARTON:  I think those are the material terms of
20 the settlement.  Obviously, as we discussed, there needs to be a
21 more formal agreement, but those are the material terms.
22          THE COURT:  Mr. Jarrard, do you concur with
23 Mr. Barton's comments?
24          MR. JARRARD:  That's correct.
25          THE COURT:  Ms. Wilcox, you're here as the

1  representative plaintiff of the class.  Do you understand the
2  terms of the settlement?
3          MS. WILCOX:  Yes.
4          THE COURT:  Are you here with authority allowed to you
5  by law to enter into this, and to bind the plaintiffs to any
6  judgment that's hereafter entered by Judge Peterson?
7          MS. WILCOX:  Yes.
8          THE COURT:  Do you authorize your attorneys to do all
9  things necessary to effectuate the intent and purposes behind
10 the settlement that's been placed of record?
11         MS. WILCOX:  Yes.
12         THE COURT:  I turn to Mr. King.  Sir, do you -- you're
13 here representing the defendant -- defendants.  Do you have full
14 authority to enter into this settlement?
15         MR. KING:  I do, Your Honor.
16         THE COURT:  Thank you.
17         Mr. Swapp, you also have been here the full day, and
18 participated, as I understand it, not only through this day, but
19 previous to this time.  Do you understand the terms of the
20 settlement?
21         MR. SWAPP:  I do.
22         THE COURT:  Do you have full authority to enter the
23 settlement on behalf of the defense?
24         MR. SWAPP:  Yes, I do.
25         THE COURT:  And is the settlement agreement, to the

10

1  extent that it's been placed of record, in accordance with the
2  terms that have been negotiated today?
3         MR. SWAPP:  Yes.
4         THE COURT:  And do you authorize your attorney to do
5  whatever is necessary to effectuate the terms of settlement?
6         MR. SWAPP:  Yes.
7         THE COURT:  I'm going to add one additional thing.
8  The parties have asked that I be available, potentially, to
9  decide any disputes involving the terms of settlement.  That
10 jurisdiction authority would expire with the entry of the final
11 approval in this case.  I'm prepared to do that, but I want to
12 make sure that I'm not misquoting.  And as I've indicated, I
13 would indicate now, I've not asked for that opportunity, but
14 I'll consider it and will serve, if otherwise available, and
15 will do so.
16        MR. JARRARD:  Plaintiffs agree, Your Honor.
17        THE COURT:  All right.
18        MR. KING:  Defense is in agreement, Your Honor.
19        THE COURT:  Ms. Wilcox?
20        MS. WILCOX:  Yes, I'm in agreement.
21        THE COURT:  And, Mr. Swapp?
22        MR. SWAPP:  Yes.
23        THE COURT:  Mr. Barton?
24        MR. BARTON:  Yes.
25        THE COURT:  I want to thank you all for your time

11

1  today.  And thank you for coming to Yakima.  I realize some of
2  you are out of Spokane, but it's been a pleasure having you
3  here.  I've enjoyed talking with each of you, and I find that
4  these opportunities are learning experiences for judges and
5  others of us who are involved with the judicial process.  And
6  I'd like to thank you all for your hard work both before you got
7  here today, and for bringing this matter to closure.
8         With that in mind, I think we're off the record.
9      (ADJOURNMENT AT 5:38 P.M.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                                                                    12

1                        REPORTER'S CERTIFICATE
2
3
4
5            I, LYNETTE WALTERS, Registered Professional Reporter,
6    Certified Realtime Reporter and Certified Court Reporter;
7            DO HEREBY CERTIFY:
8            That the foregoing transcript, Pages 1 through 11,
9    contains a full, true, complete and accurate transcription of my
10   shorthand notes of all requested matters held in the foregoing
11   captioned case, including all objections and exceptions made by
12   counsel, rulings by the court, and any and all other matters
13   relevant to this case.
14           DATED this 13th day of June, 2019.
15
16
17                                   s/ Lynette Walters
                                     LYNETTE WALTERS, RPR, CRR, CCR
18                                   CCR NO. 2230
19
20
21
22
23
24
25