# Exhibit A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX, on behalf of herself and all others similarly situated, | ) Case No. 2:17-cv-275-RMP |
| | ) |
| | ) Related to Case No. 2:17-cv-00122-RMP |
| Plaintiffs, | ) |
| | ) |
| v. | ) **SETTLEMENT AGREEMENT** |
| | ) |
| SWAPP LAW, PLLC, D/B/A CRAIG SWAPP AND ASSOCIATES, AND JAMES CRAIG SWAPP, individually, | ) |
| | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

SETTLEMENT AGREEMENT

1

## <u>TABLE OF CONTENTS</u>

2    **INTRODUCTION**..................................................................................................**2**

3    **RECITALS** .........................................................................................................**2**

4    **1. Definitions**.............................................................................................**5**

5    **2. Class Certification.** .............................................................................**9**

6    **3. Class Notice** ........................................................................................**11**

7    **4. Settlement Fund** ................................................................................**13**

8    **5. Distributions from the Settlement Fund** ........................................**16**

9    **6. Non-Monetary Settlement Consideration** ......................................**17**

10    **7. Plan of Allocation**.............................................................................**19**

11    **8. Settlement Administration**..............................................................**20**

12    **9. Approval of the Settlement** .............................................................**25**

13    **10. Attorneys Fees, Expenses, and Service Award** .............................**29**

14    **11. Notice Under Class Action Fairness Act** ......................................**34**

15    **12. Releases**...............................................................................................**34**

16    **13. No Admission of Wrongdoing** .........................................................**35**

17    **14. Conditions of Settlement** .................................................................**36**

18    **15. Effect of Disapproval, Cancellation or Termination** ...................**38**

19    **16. Miscellaneous Provisions** ...............................................................**40**

20

SETTLEMENT AGREEMENT - 1

**INTRODUCTION**

Subject to approval by the United States District Court for the Eastern District of Washington, this Agreement is made and entered into by Plaintiff and Class Representative Jade Wilcox, on behalf of herself and the Class, and Defendants James Craig Swapp, and Swapp Law, PLLC, d/b/a Craig Swapp and Associates, a Utah Professional Limited Liability Company to settle claims against Defendants subject to the terms and conditions below.

**RECITALS**

A.      On August 9, 2017, Plaintiff filed a Complaint as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, docketed as Case No. 2:17-CV-275-RMP in the Eastern District of Washington (the "**Action**"), alleging that Defendants purchased police traffic collision reports ("**PTCRs**") from the Washington State Patrol containing personal information protected by the Drivers' Privacy Protection Act, 18 U.S.C. § 2721 (the "**DPPA**"), and that Defendants obtained and used personal information in the PTCRs to send Plaintiff and the Class marketing materials in violation of the DPPA.

B.      Defendants initially responded to Plaintiff's Complaint by filing a Motion to Dismiss on October 20, 2017, which the Court denied by Order dated December 21, 2017. After Defendants' Motion to Dismiss was denied, Defendants filed an Answer to the Complaint.

SETTLEMENT AGREEMENT - 2

1    C.    During the course of the litigation, Plaintiff served written discovery

2    on Defendants and document subpoenas on third parties and reviewed thousands of

3    pages of documents produced in the course of discovery in the Action.

4    D.    During the course of the litigation, Plaintiff took the depositions of

5    representatives of the Washington State Patrol, the Washington Department of

6    Licensing, the Spokane Police Department, and the Washington State Criminal

7    Justice Training Commission in the course of discovery in the Action.

8    E.    On August 7, 2018, Plaintiff filed a Motion for Class Certification

9    (DKT), which the Court granted by Order dated January 25, 2019 (Dkt. 109).

10    F.    On August 20, 2018, Plaintiff filed an Amended Complaint (Dkt. 69)

11    based on information learned through the course of discovery.

12    G.    On September 12, 2018, Defendants responded to the Amended

13    Complaint with a Second Motion to Dismiss (Dkt. 80), which the Court denied by

14    Order dated January 24, 2019 (Dkt. 109).

15    H.    Prior to mediation and as part of settlement negotiations, Defendants

16    provided Class Counsel with confidential information and significant amounts of

17    documentation regarding Defendants financial position. Defendants provided that

18    information to Class Counsel with the intent that Class Counsel would rely upon

19    the financial information in formulating settlement offers, evaluating and

20    negotiation a settlement of this Action. Class Counsel represents that they did rely

SETTLEMENT AGREEMENT - 3

on the financial information and documents provided by Defendants about Defendants' financial position in providing advice to Plaintiff as to whether to settle this case, in making recommendations concerning settlement offers, in evaluating the benefits of a settlement versus continued litigation, in negotiating a settlement, and in recommending the settlement and Plaintiff relied on that information in deciding to agree to this Settlement.

I.    Plaintiff along with Co-Lead Class Counsel and Defendants along with Defendants' Counsel participated in and conducted arms-length negotiations at a mediation session with Hon. Lonny R. Suko on May 23, 2019 and reached an oral agreement in principle on this Settlement that same day.

J.    As of the date of the signing of this Agreement, Class Counsel is not aware of any information suggesting that the data provided by Defendants in discovery regarding the members of the Class or the information regarding Defendants financial position were materially inaccurate.

K.    As of the date of the signing of this Agreement, Defendants and Defendants' Counsel is not aware of any information suggesting that the data provided by Defendants in discovery regarding the members of the Class or the information regarding Defendants financial position were materially inaccurate.

L.    As a result of the factual investigation and legal research conducted by Class Counsel concerning the claims asserted in the Action and discovery, Class

SETTLEMENT AGREEMENT - 4

39

Counsel have concluded that terms of this Settlement are fair, reasonable, adequate and in the best interests of the Class.

M.     Each of the undersigned counsel have informed their respective clients of and each of the parties are fully informed of the provisions set forth below.

N.     The parties want to promptly and fully resolve and settle all claims on the terms of this agreement, subject to the approval of the Court.

The Parties therefore agree as follows:

**1.     Definitions.**

**1.1**    "**Agreement in Principle**" means the verbal agreement reached by Plaintiff on behalf of the Class with Defendants on May 23, 2019.

**1.2**    "**CAFA**" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715.

**1.3**    "**Class**" means the Class previous certified by this Court on January 25, 2019 as set forth in Section 2.1.

**1.4**    "**Class Counsel**" **or "Co-Lead Class Counsel"** means Thomas Jarrard of the Law Offices of Thomas Jarrard and R. Joseph Barton of Block & Leviton LLP.

**1.5**    "**Class Member**" means a driver who is included in the Class and is not excluded from the Class Definition.

SETTLEMENT AGREEMENT - 5

**1.6**    "**Class Notice**" means the notice summarizing the settlement terms contained herein, as approved by the Court and to be sent to Class Members as set forth herein in accordance with Section 3.3.

**1.7**    "**Class Period**" means the period from September 1, 2013 to June 23, 2017, inclusive.

**1.8**    "**Court**" means the United States District Court for the Eastern District of Washington.

**1.9**    "**Defendants**" means James Craig Swapp, and Swapp Law, PLLC, d/b/a Craig Swapp and Associates.

**1.10**    "**Defendants' Counsel**" means Evans, Craven & Lackie, PS and Lane Powell PC.

**1.11**    "**DPPA**" means the Drivers' Privacy Protection Act, 18 U.S.C. § 2721.

**1.12**    "**Effective Date**" means the date on which the Final Order and Judgment in the Action becomes Final.

**1.13**    "**Escrow Account**" has the meaning set forth in Section 4.1.

**1.14**    "Escrow Agent" means the Bank with the authority over the Escrow Account.

**1.15**    "Expense Award" means the amount of reimbursement expenses sought by or awarded to Class Counsel by the Court.

SETTLEMENT AGREEMENT - 6

41

**1.16** "**Fairness Hearing**" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice is sent to the Class for purposes of: (a) entering the Final Order and Judgment fully and finally resolving the Action; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; and (c) ruling upon an application by Class Counsel for an award of attorneys' fees and the Plaintiff's service award.

**1.17** "Fee Award" means the award of attorneys' fees sought by or awarded to Class Counsel and Plaintiff's Counsel by the Court.

**1.18** "**Final**" means (a) if no objections to the Settlement are filed, or if any objections are filed and voluntarily withdrawn prior to the entry of the Final Order and Judgment, the date after the time to file any appeals of the Final Order and Judgment has expired; or (b) if any objections are filed and not voluntarily withdrawn prior to the entry of the Final Order and Judgment, the later of (i) the expiration of the time to file or notice any appeal or move for reargument from the Court's judgment approving this agreement, or (ii) the date of final affirmance of any appeals therefrom.

**1.19** "**Final Order and Judgment**" means the final judgment of the Court approving the Settlement.

**1.20** "**First Year Cashout Option**" has the meaning set forth in Section 10.4.

1    **1.21**    "**Net Class Settlement Fund**" has the meaning set forth in

2    Section 5.3

3    **1.22**    "**Party**" or "**Parties**" means Plaintiff on behalf of herself and

4    the Class and/or the Defendants.

5    **1.23**    "**Plan of Allocation**" has the meaning set forth in Section 7.1.

6    **1.24**    "**PTCR**" means a police traffic collision report (and does not

7    include a collision report completed only by non-police officers (i.e. civilians).

8    **1.25**    "**Plaintiff**" means Jade Wilcox.

9    **1.26**    "**Plaintiff's Counsel**" means Block & Leviton LLP, the Law

10    Office of Thomas Jarrard and the Sweetser Law Office.

11    **1.27**    "**Preliminary Approval Order**" means the order preliminarily

12    approving the Settlement and conditionally certifying the Class, as approved by the

13    Court.

14    **1.28**    "**Released Claims**" has the meaning set forth in Section 12.1.

15    **1.29**    "**Second Year Cashout Option**" has the meaning set forth in

16    Section 10.6.

17    **1.30**    "**Settled Claims**" means the claims that the Parties have agreed

18    to resolve as set forth in Section 12.

19    **1.31**    "**Settlement**" means the settlement of this matter as described

20    in this Agreement.

SETTLEMENT AGREEMENT - 8

43

1      **1.32**  "**Settlement Fund**" has the meaning set forth in Section 4.3.

2      **1.33**  "**Settlement Administrator**" means the third-party

3 administrator, who will be proposed by Class Counsel and approved by the Court

4 to administer the Settlement.

5      **1.34**  "**Swapp Law**" means Swapp Law, PLLC, d/b/a Craig Swapp

6 and Associates, a Utah Professional Limited Liability Company.

7 **2.**  **Class Certification.**

8      **2.1**  **Class Definition.** The Settlement Class will be the Class

9 previously certified by the Court on January 25, 2019 as follows:

10      All drivers identified in Police Traffic Collision Reports whose Personal

11      Information, as defined by the DPPA, was derived from a Department of

12      Licensing record (e.g. license, registration or database) and the Report was

13      obtained or used by Swapp Law or James Craig Swapp from the

14      Washington State Patrol between September 1, 2013 and June 23, 2017.

15      Excluded from the Class are (a) current and former clients of

16      Defendants; (b) individuals identified on the same PTCRs as Defendants'

17      clients; (c) individuals who provided written consent to Defendants for the

18      disclosure of their Personal Information (as defined by the DPPA) prior to

19      Defendants obtaining their personal information; (d) employees (and

20      attorneys) of Defendants and members of their immediate families; and (e)

SETTLEMENT AGREEMENT - 9

the presiding judge and anyone working in the presiding judge's chambers and the members of their families.

**2.2    Determination of Status as a Class Member**. Status as a Class Member will be determined based on a person being identified as a driver on the electronic data produced by the Washington State Patrol and the records produced by Defendants and who meets the definition of a member of the Class. A person who is not identified as a driver on a PTCR purchased by Defendants in either the data produced by the Washington State Patrol or the records produced by Defendants will not be considered a Class Member. To the extent that there is a conflict between the records produced by the Washington State Patrol and the records produced by Defendants as to whether a driver meets the Class Definition, the Settlement Administrator will resolve any reasonable differences in favor of finding that a driver is a Class Member (unless the individual does not otherwise fall within the Class Definition or requests exclusion from the Settlement).

**2.3    Defendants' Non-Opposition.** For purposes of settlement only, Defendants will withdraw their currently pending motions for reconsideration of the Court's order certifying the Class. Defendants shall make no other objection to certification of the Class. Defendants' agreement to Class certification is conditioned on this Court's approval of the Settlement becoming Final.

SETTLEMENT AGREEMENT - 10

**3.     Class Notice**

      **3.1     Provision of Class Notice.** Upon the Court's preliminary approval of this Settlement Agreement and by the date specified by the Court, the Settlement Administrator will be responsible for providing Class Notice to the Class Members.

      **3.2     Contents**. The Class Notice will contain a brief description of the claims advanced by the Class, a summary of the terms of the Settlement Agreement, information on the attorneys' fees and costs sought by Co-Lead Class Counsel, describe the proposed Plan of Allocation of the Settlement Fund to the Class, the estimated settlement allocation for the Class Member, and provide information about the Fairness Hearing, in the form approved by the Court.

      **3.3     Method of Providing Class Notice.** Class Notice will be provided to each individual Class Member: (a) by either electronic notification (if available and approved by the Court) to Class Members, or, if unavailable or not approved by the Court, by mailing via first class US Mail to all Class Members, and (b) by posting the Class Notice on websites maintained by Co-Lead Class Counsel and the Settlement Administrator. Defendants will cooperate with Co-Lead Class Counsel to facilitate providing Class Notice and other settlement-related communications by providing any known email addresses and mailing addresses for all Class Members, to the extent such information is reasonably

SETTLEMENT AGREEMENT - 11

available in the records of Defendants.

3.4     **Cooperation with the Settlement Administrator.** The Parties and their counsel will reasonably cooperate with the Settlement Administrator to facilitate providing Class Notice and other settlement-related communications and administration.

3.5     **Undeliverable Notices.** In the event that a Class Notice sent by U.S. Mail is returned as undeliverable, the Settlement Administrator will make reasonable efforts to obtain a valid mailing address and promptly resend the Class Notice to the Class Member by U.S. Mail.

3.6     **Class Data.** To the extent not already provided, Defendants will provide Class Counsel and the Settlement Administrator with the following:

> **(a)**     Within 21 days after this Settlement Agreement is executed, the name and street mailing address in electronic form for each Class Member, to the extent such information is reasonably available in Defendants' files.
>
> **(b)**     Within 30 days after this Settlement Agreement is executed, the identifying information, in electronic form if available for the following: (i) current and former clients of Defendants who reasonably might be included on a PTCR; (ii) individuals identified on the same PTCRs as Defendants' clients; (iii)

SETTLEMENT AGREEMENT - 12

47

individuals who provided written consent to Defendants for the disclosure of their Personal Information (as defined by the DPPA) prior to Defendants obtaining their personal information from a PTCR; (iv) employees (and attorneys) of Defendants and members of their immediate families who reasonably might be listed on a PTCR;

**(c)**     Timely provide other information reasonably requested by Co-Lead Class Counsel or the Settlement Administrator.

**3.7    Declaration Regarding Class Notice**. Within 30 days after the date on which Notice is required to be sent, the Settlement Administrator will file a declaration with the Court confirming that the Notice and related information was sent in accordance with the Preliminary Approval Order.

**4.    Settlement Fund**

**4.1    Payment of Cash Settlement Amount into Escrow Account.** As settlement of the Class' claims, Defendants will pay or cause to be paid the Class Cash Settlement Amount of $950,000.00 into the Escrow Account in the name of "Swapp DPPA Litigation Settlement Fund" on the following schedule:

**(a)**     Defendants have previously made a payment of $100,000.00 to the Escrow Account.

**(b)**     Defendants shall make a payment of $400,000.00 to the Escrow

SETTLEMENT AGREEMENT - 13

Account and cause the payment to be received by the Escrow
Agent of the Escrow Account (or in other manner as directed by
Co-Lead Class Counsel Block & Leviton), by no later than 10
days before the Fairness Hearing.

**(c)**    Defendants shall make a payment of $450,000 to the Escrow
Account and cause the payment to be received by the Escrow
Agent of the Escrow Account (or in other manner as directed by
Co-Lead Class Counsel Block & Leviton), by no later than June
1, 2020 or 180 days following the Fairness Hearing, whichever
is earlier.

**4.2    Amounts Not Awarded as Attorneys' Fees**: In addition to the
amounts paid in Paragraph 4.1, Swapp Law will pay $1,050,00.00, which subject
to the approval by the Court, will be used to pay attorneys' fees, litigation expenses
and costs in the amounts awarded by the Court to Co-Lead Class Counsel and
Plaintiff's Counsel as well as any service award to Plaintiff in the amount ordered
by the Court. In the event that the Court awards an amount for attorneys' fees,
litigation expenses, costs and service award that is less than $1,050,000, then the
difference between the $1,050,000.00 (or the amount actually paid Defendants
pursuant to the First Year Cashout Option or the Second Year Cashout Option) and
the amount awarded by the Court will paid to and become part of the Settlement

SETTLEMENT AGREEMENT - 14

1  Fund.

2      **4.3**    **The Settlement Fund.** The Settlement Fund will consist of the

3  monies paid by Defendants into the Escrow Account together with any earnings or

4  interest thereon. The Settlement Fund held in the Escrow Account will be deemed

5  to be in the custody of the Court and will remain subject to the jurisdiction of the

6  Court and will be administered in accordance with the terms of this Agreement and

7  the orders of the Court. Except as otherwise provided by this Agreement, the

8  Settlement Fund will not be released from the Escrow Account until the Final

9  Order and Judgment becomes Final.

10      **4.4**    **Management of the Settlement Fund.** Until the Final Order

11  and Judgment becomes Final, the Settlement Fund will be held in the Escrow

12  Account established by Class Counsel, for which the Escrow Agent will act

13  pursuant to the terms of the respective escrow agreement or as ordered by the

14  Court. After the Final Order and Judgment becomes Non-Appealable, Class

15  Counsel will have the sole right and duty to manage the Settlement Fund in

16  compliance with the terms of the Final Order and Judgment subject only to the

17  directions and orders of the Court. At no time after the Final Order and Judgment

18  becomes Non-Appealable will Defendants have any duty or authority to hold,

19  manage, or invest any portion of the Settlement Fund. Any earnings or interest

20  earned by the Settlement Fund will become part of the Settlement Fund.

SETTLEMENT AGREEMENT - 15

**4.5    Qualified Settlement Fund.** The Settlement Fund is intended by the Parties to be a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1 at the earliest date possible

**5.    Distributions from the Settlement Fund**

**5.1    Expenses Before the Effective Date**. Until the Final Order and Judgment becomes Final, Class Counsel will be authorized to pay from the Settlement Fund (a) any actual or estimated taxes on any income earned on the Settlement Fund, (b) upon notice to Defendants, all costs and expenses related to the preparation of such tax filings or payments, and (c) upon notice to Defendants costs and expenses related to providing the Class Notice not to exceed $100,000.00. Any dispute regarding the reasonableness of any expense incurred, paid or owing will be adjudicated by the Court, but in no event will the Parties cause or allow the Settlement Fund to fail to make a tax payment in a timely manner or fail to send notice to the Class consistent with any Order of the Court.

**5.2    Tax & Expense Reserve After the Effective Date**. Upon the Final Order and Judgment becoming Final, Co-Lead Class Counsel will be authorized to establish a reserve from the Settlement Fund to pay any taxes that are or will be owed (but not yet due) and for expenses related to payment of taxes or filing of tax returns or to the extent that there are other costs of administration of the Settlement.

SETTLEMENT AGREEMENT - 16

**5.3    Distributions to the Class**. After the deduction of any Court-approved expenses (limited to expenses for Class Notice or administration of the settlement) and the payment of any taxes or tax-related expenses and the creation of the reserve for future expenses, the remaining amount of the Settlement Fund (i.e. the "**Net Class Settlement Fund**") will be distributed to Class Members pursuant to the Plan of Allocation that will be proposed by Co-Lead Class Counsel and as approved by the Court.

**5.4    Residual Monies in the Settlement Fund**. To the extent that there are additional monies that remain in the Settlement Fund after any Court-approved administration expenses have been paid, including as a result of any uncashed distribution checks, any such residual monies will be paid as follows: (a) to pay all or a portion of the service award, (b) to the extent that there are additional attorneys' fees, expenses, or costs that were not paid from the separate payment in Section 10, Co-Lead Class Counsel can seek permission from the Court to have such amounts paid, and (c) any remaining monies will be paid to a non-profit charitable organization recommended by Class Counsel and approved by the Court that has privacy as a primary or significant goal of the organization.

**6.    Non-Monetary Settlement Consideration.** In addition to and separate from the Class Cash Settlement Amount and any other monetary amounts

SETTLEMENT AGREEMENT - 17

1  to be paid under this Settlement Agreement, Defendants agree to do the following:

2      **6.1**    Effective on the execution of this Settlement Agreement,

3  Defendants will refrain from purchasing Police Traffic Collision Reports in or

4  from the State of Washington for the purpose of acquiring contact information for

5  potential clients and sending marketing materials to them.

6      **6.2**    Effective on the execution of this Settlement Agreement,

7  Defendants will cease using any Police Traffic Collision Reports obtained from the

8  State of Washington or any law enforcement within the State of Washington for

9  either the purpose of acquiring contact information for potential clients or to send

10  marketing materials to persons who are identified on such PTCRs.

11      **6.3**    Within 120 days after the final distribution to the Class

12  Members, Defendants will destroy all PTCRs involving Class Members in their

13  possession and certify in writing to the Court that such reports have been

14  destroyed.

15      **6.4**    Within 120 days after the final distribution to the Class

16  Members, Defendants will destroy all records containing photographs of social

17  security numbers, driver's license identification numbers, names, addresses,

18  telephone numbers, and medical or disability information that they obtained from

19  police traffic collision reports involving Class Members and certify in writing to

20  Plaintiff that such records have been destroyed.

SETTLEMENT AGREEMENT - 18

53

**6.5**    Wwithin 30 days following entry of the Preliminary Approval Order, Defendants will identify in writing to Co-Lead Class Counsel any third parties to whom they provided any of the records referenced in Section 3.6(b)-(c) that they have been able to reasonably identify.

**6.6**    Wwithin 30 days following the Effective Date, Defendants will notify the third parties whom Defendants have been able to reasonably identify as receiving any of the records referenced in Section 3.6(b)-(c), that Plaintiff and the Class consider those records to contain information protected by the DPPA and Defendants will certify in writing to the Court that they have so notified such third parties.

## 7.    Plan of Allocation

**7.1    Proposed Plan of Allocation.** Co-Lead Class Counsel will propose and submit a Plan of Allocation to the Court as to the recommended method of determining and distributing the proceeds of the Net Class Settlement Fund to members of the Class.

**7.2    Defendants' Non-Involvement.** Defendants shall have no input and shall take no position on the Plan of Allocation, including the method of allocation, or the distribution of the Net Class Settlement Fund to Class Members except to the extent the Plan of Allocation is inconsistent with this Settlement Agreement or purports to impose duties or requirements upon Defendants other than

SETTLEMENT AGREEMENT - 19

those agreed to in this Agreement.

**7.3    Modification of Plan of Allocation.** If the proposed Plan of Allocation is rejected or modified by the Court or on appeal, such rejection or modification will not constitute a material modification of this Settlement, will not void this agreement, and will not provide a basis for any party to withdraw from this agreement.

**7.4    No Claim Based on Distribution in Accordance with the Plan of Allocation.** The Class will not have any claim against Plaintiff, Defendants, or counsel to any of the foregoing, including any of the individuals involved in the distribution under the Plan of Allocation (e.g. the Settlement Administrator), based on any distributions of the Settlement Fund made substantially in accordance with this agreement or as authorized by the Court.

**8.    Settlement Administration**

**8.1    Appointment of Settlement Administrator.** Co-Lead Class Counsel will propose a Settlement Administrator to be approved by the Court. The Settlement Administrator will be appointed to administer the Settlement and will report to Co-Lead Class Counsel and the Court. Any Settlement Administrator will have experience providing notice to Class Members in consumer or privacy class action settlements, and in supervising and administering settlement funds.

**8.2    Settlement Administrator's Responsibilities.** The Settlement

Administrator will undertake the following tasks to administer this Settlement consistent with the terms of this Settlement, the Plan of Allocation, and the Orders of the Court and such other procedures required by the Court or as directed by Co-Lead Class Counsel:

(a)    Print and email and/or mail the Class Notice (and any accompanying documents) to the Class Members in accordance with this Settlement Agreement and any order of the Court and undertake to trace and re-mail all undeliverable Class Notices or take other reasonable steps to locate missing Class Members;

(b)    Create and maintain a website until at least 180 days after the final distribution to the Class that will contain a summary of the action and the settlement and at least the following information and documents: the Complaint, Order on Class Certification, Orders on Motions to Dismiss, this Agreement, Preliminary Approval Order, Class Notice, Class Counsel's application for attorneys' fees and costs (when filed), the Final Approval Order, Plan of Allocation and any other information about the Settlement;

(c)    Provide Co-Lead Class Counsel and Defendants Counsel with copies of any request for exclusions from the Class and make recommendations regarding such requests;

SETTLEMENT AGREEMENT - 21

**(d)**      Provide Co-Lead Class Counsel and Defendants' Counsel with copies of any objections to the Settlement (to the extent such objections are not filed with the Court);

**(e)**      Respond to questions from Class Members and confer with Class Counsel concerning any questions or, as necessary refer Class Members to Class Counsel for responses;

**(f)**      Maintain and staff a toll-free phone number until at least six (6) months after distributions of the Settlement Fund have been made to Class Members;

**(g)**      File with the Court a declaration confirming compliance with the procedures approved by the Court for providing notice and distribution to the Class;

**(h)**      Calculate the amounts to be paid to Class Members, consistent with instructions from Class Counsel and the court-approved Plan of Allocation as well as any orders of the Court, as to how the Cash Settlement Amount is allocated among the members of the Class;

**(i)**      Monitor the Qualified Settlement Fund and file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitations the returns described in Treas. Reg. Section 1.468B-2(k));

SETTLEMENT AGREEMENT - 22

**(j)**     Pay the Net Class Settlement Fund to Class Members, consistent with instructions from Class Counsel and the court-approved Plan of Allocation;

**(k)**     To the extent feasible, and as approved by the Court, arrange for uncashed settlement checks to be escheated; and

**(l)**     Any other responsibilities set forth in this Agreement and any other responsibilities directed by Co-Lead Class Counsel related to administration of the Settlement and consistent with the orders of the Court or any other responsibilities ordered by the Court.

**8.3     Request for Exclusion.** Any Class Member who wishes to exclude themselves from the Class must deliver a signed written request to Class Counsel, Defendants' Counsel, and the Court. Subject to the approval of or modification by the Court, the request for exclusion must be postmarked by the date set by the Court prior to the Fairness Hearing. Subject to the approval of or modification by the Court, the request for exclusion must include: (1) the name and case number of the Action; (2) the full name, address, and telephone number of the person requesting exclusion; (3) a signed written statement clearly setting forth that the person wants to be excluded from the Class.

**8.4     Objections.** Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this agreement must deliver a written

SETTLEMENT AGREEMENT - 23

objection to Class Counsel, Defendants' Counsel, and the Court. Subject to the approval of or modification by the Court, the written objection sent to Class Counsel, Defendants' Counsel, and the Court must be postmarked at date set by the Court prior to the Fairness Hearing. Subject to the approval of or modification by the Court, a written objection must include: (1) the name and case number of the Action; (2) the full name, address, and telephone number of the person objecting; (3) a signed written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s); and (4) if the Class Member is represented by an attorney, the name, firm name, address, telephone and email address of the attorney. If a Class Member intends to appear at the Fairness Hearing, either with or without counsel, the Class Member must file and serve a timely objection and any Class Member who fails to timely file and serve a written objection and notice of his, her, or its intent to appear at the Fairness Hearing may not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of this agreement by appeal or other means.

> **8.5    Administration Costs**. Costs of administering the Settlement, including payment of the Settlement Administrator, costs of the Escrow Agent,

costs of Class Notice, and taxes and tax-related expenses, will be paid out of the Settlement Fund. In the event that the Settlement is not approved or approval is revised on appeal, the costs and expenses paid or incurred to administer the Settlement and Settlement Fund will be deducted from any amounts to be returned to Defendants and will not be reimbursed to Defendants.

**9.**    **Approval of the Settlement**

   **9.1**    **Preliminary Approval.** Co-Lead Class Counsel, on behalf of the Class will move the Court for preliminary approval of the class action settlement (the "**Preliminary Approval Motion**"). The Preliminary Approval Motion will seek an order in a form to be agreed upon by the Parties requesting the Court as follows:

   **(a)**    Preliminarily approve the Settlement on behalf of the Class as being fair, reasonable, and adequate, subject to further hearing and determination under Fed. R. Civ. P. Rule 23(e);

   **(b)**    Approve the form, manner, and content of the Class Notice and the manner of distribution and publication which is consistent with this Agreement, Rule 23 and the requirements of due process;

   **(c)**    Appoint the Settlement Administrator;

   **(d)**    Direct that Notice be sent to the Class as set forth herein;

SETTLEMENT AGREEMENT - 25

1        **(e)**    Set the date and time of the Fairness Hearing at least 90

2                  calendar days after entry of the Preliminary Approval Order,

3                  subject to the Court's availability;

4        **(f)**    Provide that any objections by any members of the Class to the

5                  proposed Settlement, and/or the entry of the Final Order and

6                  Judgment, shall be heard and any papers submitted in support

7                  of said objections shall be considered by the Court at the

8                  Fairness Hearing only if any objector files a written objection

9                  and notice of appearance, within the time set by the Court

10                 consistent with this Agreement;

11        **(g)**    Establish a date and methods by which any Class Member must

12                 request exclusion consistent with this Agreement;

13        **(h)**    Establish dates for filing the Final Approval Motion;

14        **(i)**    Provide that the Fairness Hearing may be continued from time

15                 to time by Order of the Court without further notice;

16        **(j)**    Preliminarily approve the form of the Final Order and

17                 Judgment;

18        **(k)**    Require that Defendants produce the Class Data required by

19                 this Settlement and cooperate with the Settlement

20                 Administrator;

SETTLEMENT AGREEMENT - 26

**(l)**    Continue the stay all proceedings, other than for purposes of settlement, until the Court renders a final decision on approval of the Settlement; and

**(m)**    Enjoin Class Members from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims as set forth herein.

**9.2    Final Approval of the Settlement.** If the Court preliminarily approves this Settlement, and if Co-Lead Class Counsel has not exercised its right to withdraw under this Agreement, Co-Lead Class Counsel will file a motion seeking Final Approval of the Settlement ("**Final Approval Motion**"). Defendants will either join in or not oppose the Final Approval Motion. The Final Approval Motion will seek entry of a proposed Final Approval Order in a form to be agreed-upon by the Co-Lead Class Counsel and Defendants and will, among other things:

(a)    Order Final Approval of the Settlement set forth in this Settlement Agreement;

(b)    Adjudge that the Settlement is fair, reasonable and adequate to the Class pursuant to Rule 23(e);

(c)    Dismiss the Action against Defendants with prejudice;

(d)    Provide that the term "**Final Disposition**" in the Protective Order (ECF No. 38) will be modified to mean until Defendants

SETTLEMENT AGREEMENT - 27

have paid all monetary amounts required under the Settlement.

(e)    Adjudge that Plaintiffs and the Class will be deemed conclusively to have released and waived any and all Settled Claims against the Defendants as provided in this Settlement Agreement;

(f)    Bar and permanently enjoin Plaintiffs and the Class from prosecuting any and all Settled Claims, as provided in this Settlement Agreement, against the Defendants;

(g)    Determine Co-Lead Class Counsel's request(s) for Fee Award, Service Awards, and Expense Award;

(h)    Retain exclusive jurisdiction, without affecting the finality of the Order entered, with regard to: (i) implementation of this Settlement Agreement; (ii) disposition of the Settlement Fund; and (iii) enforcement and administration of this Settlement Agreement, including the release provisions thereof; and

(i)    Find that notice to the appropriate state and federal officials has been provided as required by CAFA and that Defendants have satisfied their obligations pursuant to 28 U.S.C. § 1715.

SETTLEMENT AGREEMENT - 28

**10.      Payment of Amounts for Attorneys' Fees, Expenses, and Service Award**

      **10.1   Plaintiff's Counsel's Fees and Expenses & Service Award**. Pursuant to any deadline set by the Court and prior to the deadline for Class Members to object to the Settlement, Co-Lead Class Counsel will file a motion with the Court requesting the payment of attorneys' fees, reimbursement of litigation expenses and costs on behalf of all Plaintiff's counsel, and/or a service award to Plaintiff. The

      **10.2   Defendants' Non-Opposition.** Defendants will not contest such motions so long as the motions do not seek payment that would require Defendants to pay a total amount for attorneys' fees, expenses and costs to Plaintiff's counsel and a service award to Plaintiff that cumulatively exceeds the amount set forth in this Section 10.

      **10.3   Payment Schedule.** Swapp Law will pay or cause to be paid $1,050,000.00 into an account designated by Co-Lead Class Counsel and to be delivered in the manner directed by Co-Lead Class Counsel on the following schedule:

      **(a)**   Swapp Law shall make a payment of $350,000.00 into an account as directed by Co-Lead Class Counsel Block & Leviton, by no later than December 1, 2020 or a year following the Effective Date, whichever is earlier.

      **(b)**   Swapp Law shall make a payment of $350,000.00 to into an

SETTLEMENT AGREEMENT - 29

64

account as directed by Co-Lead Class Counsel Block & Leviton, by no later than December 1, 2021 or two years following the Effective Date, whichever is earlier.

**(c)** Swapp Law shall make a payment of $350,000.00 into an account as directed by Co-Lead Class Counsel Block & Leviton, by no later than June 1, 2022 or 30 months following the Effective Date, whichever is earlier.

**10.4 First Year Cashout Option**. Defendants will have the option to make a payment of $900,000.00 to an account designated by Co-Lead Class Counsel and to be delivered in the manner directed by Co-Lead Class Counsel, by no later than December 1, 2020 or a year following the Effective Date, whichever is earlier. If payment of the $900,000.00 is received from Defendants and paid by December 1, 2020 into an account designated and directed by Co-Lead Class Counsel Block & Leviton, then Defendants will have no further obligations under Section 10.2 of this agreement.

**10.5 Guarantee by Swapp After December 1, 2020:** If Swapp Law has not fully satisfied its obligations under Section 10.4 by December 1, 2020 (i.e. by exercising the First Year Cashout Option and making the required payment by December 1, 2020), James Craig Swapp shall and does personally guarantee the obligations of Swapp Law under Section 10 of this agreement and will be jointly

SETTLEMENT AGREEMENT - 30

and severally liable to pay any outstanding amounts owed pursuant to Section 10.3.

**10.6    Second Year Cashout Option.** If Defendants make the $350,000.00 payment pursuant to Section 10.3(a) by December 1, 2020, but do not elect to pay the full $900,000.00 pursuant to Section 10.4, Defendants will have the option to make a payment of $650,000.00 to an account designated by Co-Lead Class Counsel and to be delivered in the manner directed by Co-Lead Class Counsel, by no later than December 1, 2021 or two years after the Fairness Hearing, whichever is earlier. If payment of the $650,000.00 is received from Defendants and paid by December 1, 2021 into an account designated and directed by Co-Lead Class Counsel Block & Leviton (and the $350,000.00 pursuant to Section 10.2(a) was timely paid), then Defendants shall have no further obligations under Section 10.2 of this agreement upon payment of the $650,000.00.

**10.7    Acceleration in the Event of Breach**. If either Defendant breaches any obligation under Section 10 of this Agreement or Section 4 of this Agreement:

    **(a)**    All outstanding obligations under Section 4 and Section 10 shall be immediately due and payable, notwithstanding any date.

    **(b)**    As to any breach that occurs prior to December 1, 2020, Plaintiff and/or Co-Lead Class Counsel will be entitled to enter judgment against Swapp Law and Swapp Law will confess and will not

SETTLEMENT AGREEMENT - 31

contest judgment as to any outstanding amounts owed under the Settlement Agreement and Plaintiff and/or Co-Lead Class Counsel will be entitled to collect on the amount of the judgment as against Swapp Law.

**(c)**    To the extent that one or more Defendants remain in breach as of December 1, 2020 and/or any pre-December 1, 2020 breaches have not been cured or remedied, or as to any breach that occurs on or arise out of an obligation on or after December 1, 2020, Plaintiff and/or Class Counsel will be entitled to amend the judgment as against both Swapp Law and James Craig Swapp, authorize Plaintiff to confess judgment on behalf of the Class against James Craig Swapp for the full amount of any outstanding obligations under Section 10 of this agreement without stay of execution or right of appeal, and expressly waive relief from the immediate enforcement of a judgment.

**(d)**    The remedies listed herein for any breach are in addition to any other remedies that Plaintiff or Class Counsel may be entitled to seeking, including interest on the past-due amounts and attorneys' fees and expenses incurred in connection with collection of any overdue amounts or breaches of any obligations

SETTLEMENT AGREEMENT - 32

under this Agreement.

**10.8   Surety.** If Swapp Law is sold or dissolved, James Craig Swapp ceases involvement in Swapp Law, James Craig Swapp suffers partial or total disability, James Craig Swapp is diagnosed with an illness carrying with it a substantial risk of temporary or permanent disability or death, or James Craig Swapp is divorced, James Craig Swapp shall designate Co-Lead Class Counsel (for the benefit of the Class) as the beneficiary of a life insurance policy in the amount of the outstanding obligations under Section 10 as surety for those obligations.

**10.9   Payment of Amounts for Attorneys' Fees & Expenses in the Event of an Appeal**. In the event that there is an appeal of the Settlement or the Final Order and Judgment, such appeal will not suspend Defendants obligations to make payments under this Section by the dates specified in the Agreement; rather, in the event of such an appeal, Defendants will continue to be obligated to and will make the payments required in this Section and Co-Lead Class Counsel will not disburse those amounts, but will arrange to hold any amounts in Escrow until the appeal is resolved. In the event that any such appeal is limited only to the award of attorneys' fees, reimbursement of expenses or any service award, Co-Lead be entitled to disburse from the Escrow Account of such amount of attorneys' fees and/or expenses/costs as to which there is no challenge on appeal.

**10.10 Defendants' Attorneys' Fees & Expenses**. Defendants and

SETTLEMENT AGREEMENT - 33

Defendants' Counsel will bear their own attorneys' fees, expenses and costs.

**11.**     **Notice Under Class Action Fairness Act**

**11.1   CAFA Notice**. Pursuant to CAFA, Defendants, at their own expense, will prepare and provide the CAFA Notice, including the notices to the United States Department of Justice and to the Attorney Generals of all states in which the Class Members reside, as specified by 28 U.S.C. § 1715, within ten (10) days of the execution of this Settlement Agreement.

**11.2   CAFA Notice Provided to Class Counsel**. Defendants will provide Co-Lead Class Counsel and Plaintiffs' Counsel with a copy of the CAFA Notice and materials that the Defendants sent to the Appropriate Officials within three (3) business days after such notices have been sent. The CAFA Notice and materials will be provided automatically and without further request by Class Counsel.

**12.**     **Releases.** Upon the Final Order and Judgment becoming Final and provided that each Party has performed all of the respective obligations under this Settlement Agreement to be performed on or prior to such date by each respective Party:

**12.1   Release of Defendants by the Class**. Plaintiff and the Class Members will release, acquit, and forever discharge Defendants from all claims arising out of Defendants' acquisition and use of PCTRs that Defendants have

identified as involving Class Members (the "**Released Claims**"), and will dismiss with prejudice their claims asserted in the Action.

**12.2    Release of Plaintiffs and the Class by Defendants.** Defendants shall release, acquit, and forever discharge all claims against Plaintiffs, each Class Member or Class Counsel that could have been asserted in this Action related to the filing of this Action including any claims for attorneys' fees, costs, expenses or sanctions, that relate to the filing, commencement, prosecution or settlement of this Action.

**12.3    Non-released Claims**. Notwithstanding the foregoing or any other language in this agreement, the Parties are not releasing claims to enforce this agreement or claims concerning the validity of this agreement (including any conditions or representations upon which the Settlement and/or this Agreement was based).

**13.    No Admission of Wrongdoing**

**13.1    This agreement reflects the parties' compromise and Settlement of the Released Claims. Its provisions, and all related drafts, communications, and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person or entity and cannot be offered or**

SETTLEMENT AGREEMENT - 35

received into evidence or requested in discovery in the Action or any other action or proceeding as evidence of an admission or concession.

**13.2** Neither this Settlement Agreement nor the Agreement in Principle is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the claims asserted by Plaintiff or Class Members.

**13.3** This Settlement Agreement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement or the Final Order, and any Party may file this Settlement Agreement and/or the Final Order in any action that may be brought against it or any of the Released Parties to support a claim, a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement.

**14.    Conditions of Settlement**

**14.1    Court Approval**. Each of the following is an express condition of Settlement: (a) this Action remains certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class substantially similar to the Class defined in this Agreement; (b) the Court enters a Preliminary Approval Order substantially in the form as required by this Agreement; and (c)

1   the Court enters the Final Order, substantially in the form as required by this

2   Agreement. In the event that any of these conditions are not met, Co-Lead Class

3   Counsel and Defendants will each have the right to withdraw from this Settlement

4   so long as notice of the exercise of such right is provided within 14 days after

5   issuance of the order on which the right to withdraw is based.

6       **14.2   Material Correctness of Defendants' Class Information**. It is

7   an express condition of Settlement that Defendants purchased no more than 9,000

8   PTCRs that contain the personal information of Class Members. In addition to

9   other remedies that Plaintiff, the Class or Class Counsel may have, if Defendants

10  purchased than 9,000 PTCRs which include Class Members' personal information

11  during the Class Period, Class Counsel will have the unilateral right up to (7) days

12  prior to the Settlement becoming Final to withdraw from Settlement and resume

13  the litigation.

14      **14.3   Material Correctness of Defendants' Financial Information**.

15  It is an express condition of Settlement that the information about Defendants

16  financial position provided by Defendants to Co-Lead Class Counsel is materially

17  correct. In addition to other remedies Plaintiff, the Class or Class Counsel may

18  have, if the information about Defendants' financial position that Defendants

19  provided to Co-Class Counsel is not materially correct, Co-Lead Class Counsel

20  will have the unilateral right up to (7) days prior to the Settlement becoming Final

SETTLEMENT AGREEMENT - 37

1  to withdraw from Settlement and resume the litigation.

2      **14.4   Non-conditional Matters**. Court approval of the Fee Award,

3  Service Awards, Expense Award, or the Plan of Allocation are not conditions of

4  the Settlement. No action by the Court or any courts of appeal related to the Fee

5  Award, the Service Awards, the Expense Award, or the Plan of Allocation will

6  prevent the Final Order allowing the approval of the Settlement from becoming

7  Final.

8  **15.    Effect of Disapproval, Cancellation or Termination**

9      **15.1   Termination Notice.** In the event that one of the conditions of

10 this Settlement set forth in Section 14 is not met and the Final Order and Judgment

11 has not become Final, the Party in Section 14 entitled to withdraw based on this

12 condition may void the Settlement within the time period specified in Section 14.

13 To exercise the right of withdrawal under this paragraph, counsel for the party

14 exercising this right must notify Defendants' Counsel in writing via mail or at the

15 e-mail addresses listed under their names and signatures on this Agreement.

16     **15.2   Effectiveness of Termination Notice.** The Termination Notice

17 will become effective to void this Agreement only if and after Co-Lead Class

18 Counsel and Defendants have failed to reach a written agreement within thirty (30)

19 days of the event triggering the Termination Notice to modify this agreement to

20 resolve the issue.

SETTLEMENT AGREEMENT - 38

**15.3   Effect of Withdrawal.** In the event that the Court refuses to grant Preliminary Approval or enter the Final Order and Judgment, or such approval is reversed on appeal and one of the Parties exercises its right to withdraw from this Agreement within the time specified above, or any other circumstance which causes the Final Order and Judgment to not become Final and the Parties have not entered into a written modification of this Agreement within thirty (30) days of such occurrence: (a) the monies in the Escrow Account (including any interest or earnings accrued while in Escrow, but less any amount paid or owing for taxes or other expenses incurred by Co-Lead Class Counsel or the Settlement Administrator while in Escrow in connection with administering the Settlement Agreement, including any amounts necessary to prepare tax returns or monies paid or owing to the Settlement Administrator) will be returned to each payor, pro rata according to the amount of its/his respective payment(s) into the Settlement Fund upon written request within ten (10) business days of such written request; (b) the Parties will not be released from the claims asserted in this Litigation; (c) both this Agreement and the Agreement in Principle will be void *ab initio*; and (d) the Parties' positions, rights and responsibilities will be deemed to have reverted to their respective status in this Action as of May 22, 2019, and, except as may otherwise be expressly provided herein, the Parties will proceed in all respects as if this Agreement and the Agreement in Principle never existed.

SETTLEMENT AGREEMENT - 39

**16.      Miscellaneous Provisions**

**16.1    Destruction of Confidential Information.** The Protective Order will be modified so that the Final Disposition for purposes of destroying any confidential materials will be the date on which Defendants make the last monetary payment under this Settlement Agreement.

**16.2    Continuing Jurisdiction.** Plaintiff, on behalf of herself and the Class, and Defendants agree to submit to the jurisdiction of the Court to resolve any disputes about the terms of this Settlement, implementation and enforcement of the Settlement as set forth in this Agreement. The Final Order and Judgment will include a provision that the Court retains jurisdiction over the Parties concerning the Settlement and to enforce the terms of this Agreement. However, no additional Court approval will be necessary to effectuate the Settlement or distribute the Settlement proceeds consistent with this Agreement and any orders entered prior to or in the Final Order and Judgment.

**16.3    Enforcement of this Agreement.** In the event that any Party to this Agreement believes that another Party to this Agreement has breached the terms of this Agreement, that Party will notify the alleged breaching Party and Counsel in writing setting forth the nature of the breach and the requested method to cure the breach at least 14 days prior to filing any litigation to enforce the terms of the Settlement Agreement (and if the allegedly breaching party is a Class

SETTLEMENT AGREEMENT - 40

Member regardless of whether that Class Member has separate counsel,

Defendants must also notify Co-Lead Class Counsel in writing). In the event that

the allegedly breaching Party fails to cure the alleged breached as set forth in the

written notification after 14 days, the other Party may then file an action to enforce

the Settlement Agreement. In addition to any other remedies that may be available

for a breach (including under a provision of this Agreement) a Party who

demonstrates that a breach occurred, which could have been reasonably cured

within 14 days (or another time set forth in the written notification) and was not

cured within that time, will be entitled to attorneys' fees and expenses consistent

with the standards of the DPPA, 18 USC § 2724(b)(3).

**16.4   Waiver.** The waiver by one party of any breach of this

Settlement Agreement by any other party will not be deemed a waiver of any other

breach of this Settlement Agreement. The provisions of this Settlement Agreement

may not be waived except by a writing signed by the affected party, or counsel for

that party, and as to Plaintiff and the Class only by Co-Lead Class Counsel or

orally on the record in court proceedings by Co-Lead Class Counsel or

Defendants' Counsel.

**16.5   Change of Time Periods.** The time periods and dates described

in this Agreement, except for the due dates on which the monetary payments must

be made or the dates on which the non-monetary relief must take effect, may be

SETTLEMENT AGREEMENT - 41

modified by the Court. These time periods and dates may be changed by the Court or by the parties' written agreement without notice to the Class and a change to any of the dates and time periods, except the due dates on which the monetary payments must be made or the dates on which the non-monetary relief must take effect do not constitute material modifications of the Settlement.

**16.6   Voluntary Agreement.** The Parties executed this agreement voluntarily and without duress or undue influence. All of the Parties warrant and represent that they are agreeing to the terms of this agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

**16.7   Binding Effect.** This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives, provided, however that no assignment by any Party will operate to relieve that Party of its obligations under this Agreement.

**16.8   Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by counsel of their own choosing during the negotiation of this Settlement and the preparation of this Agreement; (b) they have read this agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them this agreement and its legal effect.

SETTLEMENT AGREEMENT - 42

**16.9    Authorization.** Each signatory to this Agreement that he or she is authorized to enter into this Settlement Agreement on behalf of the respective party that he or she represents.

**16.10 Entire Agreement.** This Agreement contains the entire agreement between Plaintiff on behalf of the Class and Defendants and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action and supersedes the Agreement in Principle entered into on May 23, 2019. In the event of any conflict between this Settlement Agreement and the Agreement in Principle, this Settlement Agreement will control. This Agreement is executed without reliance on any promise, representation, or warranty by any party or any party's representative except those representations and conditions described in this Agreement (including the Recitals).

**16.11 Construction and Interpretation: No Party is the Drafter.** No Party nor any of the Parties' respective attorneys will be deemed the drafter of this agreement for purposes of interpreting any provision in this agreement in any judicial or other proceeding that may arise between them. This Agreement has been, and should be construed to have been, drafted by all the parties to it, as a result of arm's-length negotiations among the Parties and their Counsel so that any rule that construes ambiguities against the drafter will have no force or affect.

**16.12 Modifications and Amendments.** This Settlement Agreement may be amended or modified only by written instrument signed by Co-Lead Counsel on behalf of Plaintiffs and the Class and only by Defense Counsel on behalf of Defendants or by Defendants or their respective successors in interest.

**16.13 Extensions.** The Parties reserve the right, subject to the Court's approval, to request any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

**16.14 Headings.** The headings in this Settlement Agreement are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Settlement Agreement in any way.

**16.15 Governing Law.** All terms of this Settlement Agreement and any disputes about this Agreement will be governed by the laws of the State of Washington, without giving effect to its principles of conflicts of law.

**16.16 Counterparts.** This Settlement Agreement may be executed in one or more original or photocopied counterparts. All executed counterparts will be deemed an original and all counterparts together will constitute one instrument.

**16.17 Evidentiary Effect.** This Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this agreement (a) will not be used as admission of or

SETTLEMENT AGREEMENT - 44

evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction, and (b) will not be used as admission or evidence of any infirmity of the Complaint or claims asserted by the Class . However, this Settlement Agreement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement, the Settlement, or the Final Order; and any Settling Party may file this Settlement Agreement and/or the Final Order in any action to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

*[signature page follows]*

SETTLEMENT AGREEMENT - 45

1    DATED:  October 25, 2019                    DATED:  October 25th, 2019

2

3    R. Joseph Barton                             James Bernard King
     Block & Leviton LLP                          Evans, Craven & Lackie, PS
4    1735 20th Street NW                          818 W Riverside, Suite 250
     Washington, DC 20009                         Spokane, WA 99201
5    Tel: (202) 734-7046                          Tel: (509) 455-5200
     Fax: (617) 507-6020                          Fax: (509) 455-3632
6    Email: jbarton@blockesq.com                  Email: jking@ecl-law.com

7    Thomas G. Jarrard
     Law Office of Thomas G. Jarrard
8    1020 North Washington                        *Counsel for Defendants*
     Spokane, WA 99201
9    Tel: (425) 239-7290
     Fax: (509) 326-2932
10   Email: tjarrard@att.net

11   Jason M. Leviton
     Block & Leviton LLP
12   260 Franklin Street, Suite 1860
     Boston, MA 02210
13   Tel: (617) 398-5600
     Fax: (617) 507-6020
14   Email: jason@blockesq.com

15   *Co-Lead Counsel for the Class*

16   James R. Sweetser
     Marcus Sweetser
17   Sweetser Law Office
     1020 North Washington
18   Spokane, WA 99201
     Tel: (509) 328-0678
19   Fax: (509) 325-8486
     Email: jsweets@sweetserlawoffice.com
20   Email: msweetser@sweetserlawoffice.com


                    SETTLEMENT AGREEMENT - 46


                                                           81

1    *Additional Counsel for Plaintiff*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

SETTLEMENT AGREEMENT - 47

82