FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX on behalf of herself and all others similarly situation,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES CRAIG SWAPP, individually; and SWAPP LAW, PLLC, doing business as Craig Swapp and Associates,<br><br>Defendants. | NO: 2:17-CV-275-RMP<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

BEFORE THE COURT is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 139.  A hearing was held on this matter on November 25, 2019, in Spokane, Washington.  The Court has considered the arguments of counsel, the record, the relevant case law, and is fully informed.

**LEGAL STANDARD**

The Ninth Circuit endorses a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v.*

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ~ 1

*City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution[.]").

A court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Approval of a class action settlement under Federal Rule of Civil Procedure 23(e) involves a two-step process "in which the Court first determines whether a proposed class action settlement deserves preliminary approval" and, then, after notice is given to the class, the Court holds a fairness hearing and determines whether final approval is warranted. *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing MANUAL FOR COMPLEX LITIGATION, Third § 30.14 at 236–37 (1995)).

Preliminary approval of a settlement in a class action is appropriate "[i]f (1) the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls with[in] the range of possible approval." *Gabriel v. Nationwide Life Ins. Co.*, No. C09-0508-JCC, 2010 WL 11684279, at *6, (May 17, 2010 W.D. Wash.) (quoting *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp.2d 1114, 1125 (E.D. Cal. 2009)).

## DISCUSSION AND ORDER

Based on the Court's review of the record and the resulting findings set forth below, the Court **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, **ECF No. 139**.

### Preliminary Approval of Settlement Agreement

1. The Court preliminarily approves the Settlement Agreement and the terms set forth therein, finding them fair, reasonable and adequate subject to a final fairness hearing.

2. The Court finds that the Settlement Agreement is the result of serious, informed, and non-collusive negotiations. The Settlement Agreement is the result of arm's length negotiations by counsel well-versed in the prosecution of class actions. *See* ECF No. 139-1 at 4. Additionally, the assistance of a professional mediator reinforces that the Settlement Agreement is non-collusive. *See Zamora Jordan v. Nationstar Mortg., LLC*, No. 14 CV 175, 2019 WL 1966112, at *3 (E.D. Wash. May 2, 2019).

3. The Settlement Agreement does not suffer from any obvious deficiencies.

   (a) In deciding the Motion for Preliminary Approval, the Court notes that it will have the opportunity to evaluate the reasonableness of attorneys' fees agreed to in the settlement when plaintiffs' counsel requests such fees. *See Anderson-Butler v. Charming Charlie Inc.*, Civ. No. 2:14–01921 WBS AC, 2015 WL 4599420, at *11 (July 29, 2015 E.D. Cal.). "If the court, in ruling on the fees

motion, finds that the amount of the settlement warrants a fee award at a rate lower than what plaintiffs' counsel requested, then it will reduce the award accordingly." *Id*. Per the terms of the Settlement Agreement, if the Court awards an amount less than the $1,050,000 requested by plaintiffs' counsel, then the difference between $1,050,000 and the reduced amount will become part of the Settlement Fund. ECF No. 139-2 at 16.

   **(b)** The Court also acknowledges that the Settlement Agreement contains a "clear sailing" provision, under which attorneys' fees will be paid from a separate fund. *Id*. at 31. While the Ninth Circuit has advised courts to be concerned when the parties negotiate "clear sailing" arrangements that provide for the payment of attorneys' fees separate and apart from the class, the parties in this case have taken steps to alleviate the Court's concern at the preliminary approval stage. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947–49 (9th Cir. 2011). The monies used to pay attorneys' fees will come from payments to be made by Defendants over time, and *only* after a monetary distribution of $950,000 has been made to the Class. *See* ECF No. 139-2 at 32–33. Additionally, the Settlement Agreement provides that any amounts not awarded from this separate fund will revert to the Settlement Fund. *See id*. at 16 – 17; *Dennings v. Clearwire Corp.*, No. 10 CV 1859, 2013 WL 1858797, at *9 (W.D. Wash. May 3, 2013) (holding clear sailing provision non-collusive where amounts not awarded will revert to the class).

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ~ 4

4. The Court finds that no class member or group of class members will receive unduly favorable treatment under the terms of the Settlement Agreement. The Plan of Allocation proposes that the Settlement Fund will be equally divided among all class members and without the need for a claim form or claims process. This Plan of Allocation is reasonable given that class members would each be entitled to seek liquidated damages in the amount of $2,500 if they succeeded on the merits of their respective claims. *See* 18 U.S.C. § 2724(b)(1).

5. The Court finds that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the class is appropriate.

**Appointment of Settlement Administrator & Class Notice**

6. The Court appoints Angeion Group as the settlement administrator for providing class notice and otherwise assisting in the administration of the settlement.

7. The Court approves the form of notice in Proposed Notice of Class Action Settlement at ECF No. 139-3, upon a finding that the Proposed Notice complies with due process and Federal Rule of Civil Procedure 23(c)(2)(B). Pursuant to Rule 23(c)(2)(B), a notice must inform class members of the following: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ~ 5

exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The proposed notice to the class meets these requirements. Additionally, the notice discloses any benefits provided to class representatives, describes the terms of the settlement, provides information regarding attorneys' fees, provides counsel's contact information, explains how to make objections and ask questions, and explains the procedure for allocation. *See* ECF No. 139-3; *Burnett v. W. Customer Mgmt. Grp., LLC*, No. 10 CV 56, 2011 WL 13290339, at *4 (E.D. Wash. Feb. 22, 2011) (approving notice that provided such information). Class counsel shall update the Notice with relevant information consistent with this Order, such as the name and address of the settlement administrator, as well as any information that has not been calculated yet and is presently missing from the notice, like the total number of hours class counsel has worked on this matter thus far.

8. <u>Procedure for Delivering Notice</u>:

    **(a)** The parties shall reasonably assist the settlement administrator in providing class notice, and Defendants shall produce remaining class data, as mandated by the Settlement Agreement at Sections 3.3, 3.4, and 3.6.

    **(b)** Notices shall be delivered by the settlement administrator via first class U.S. Mail to all class members no later than **January 8, 2020**.

/ / /

/ / /

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ~ 6

**(c)** By **January 29, 2020**, the settlement administrator shall file a declaration with the Court confirming that the class notice and related information was sent in accordance with this Order.

**(d)** In the event that a class notice sent by first class U.S. mail is returned as undeliverable, the settlement administrator will make reasonable efforts to obtain a valid mailing address and promptly resend the class notice to the class member by U.S. mail.

**(e)** The class notice also shall be posted on the websites maintained by class counsel and the settlement administrator.

**Settlement Procedure**

9. Any class member who wishes to object to this Settlement or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this settlement and/or to appear at the fairness hearing by following the procedures set forth in the class notice ("Objection"). To be considered timely, the objection must bear a postmark that is no later than **March 9, 2020**. The objection must set forth at least the following information: (a) the full name, address, and contact information for the Objector and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement and include any supporting papers and arguments; (c) the signature of the Objector (or his or her attorney).

10. Any class member who wishes to be excluded from this settlement shall timely inform the District Court in writing of his or her intent to be excluded from this settlement following the procedures set forth in the class notice ("Exclusion"). To be considered timely, the exclusion must bear a postmark that is no later than **March 9, 2020**. The exclusion must set forth at least the following: (a) the full name, address and contact information for the person seeking exclusion; and (b) the signature of the person seeking exclusion (or his or her attorney).

11. Any Class Member or other person who fails to make his or her objection or exclusion in the manner provided shall be deemed to have waived such objection or exclusion and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, to the Judgment, to the Plan of Allocation, and to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court. To the extent that any objections or comments are transmitted to the settlement administrator, or the parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

12. The Settlement Fund will be deemed and considered to be *in custodia legis* of the Court and will remain subject to the jurisdiction of the Court until such time as such funds will be distributed pursuant to the Settlement Agreement and/or the order of the Court.

**13.** Class counsel will file any **Motion for Attorneys' Fees, Costs, and any Motion for Class Representative Service Award** by **February 24, 2020**.

**14.** Neither Defendants nor Defendants' counsel will have any responsibility for the Plan of Allocation or will make any application for or take any position on attorneys' fees or reimbursement of expenses submitted by co-lead class counsel.

**15.** Class counsel shall file a **Motion for Final Approval of the Settlement** by **March 30, 2020**.

**16.** The Court will hold a **final fairness hearing** on **April 29, 2020,** at **1:30 p.m.**, in **Spokane**, Washington. At the hearing, the Court will hear arguments concerning whether the proposed settlement and the terms and conditions provided for in the Settlement Agreement should be granted final approval by the Court as fair, reasonable, and adequate.

**17.** The Court reserves the right to continue the date of the final fairness hearing if necessary without further notice to the Class, but any such continuance will be publicized on the settlement website.

**18.** In the Settlement Agreement, Plaintiff agreed to request that the Court enjoin class members from commencing or prosecuting, either directly or indirectly, any action asserting any of the released claims as set forth in the Settlement Agreement. ECF No. 139-2 at 29. Plaintiff did not request this form of relief in the instant motion. However, the Court will hear a motion for such relief at a later date, if filed.

**19.** The Court continues the stay on all proceedings until the Court renders a final decision on approval of the Settlement Agreement. *Id*.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 27, 2019.

            *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
             United States District Judge