FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX on behalf of herself and all others similarly situation,<br><br>                Plaintiff,<br><br>   v.<br><br>JAMES CRAIG SWAPP, individually; and SWAPP LAW, PLLC, doing business as Craig Swapp and Associates,<br><br>                Defendants. | NO: 2:17-CV-275-RMP<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

Plaintiff, on behalf of the certified Class, and Defendants entered into a class action Settlement Agreement dated October 25, 2019, to settle the claims of Plaintiff and the Class brought by the Amended Complaint. ECF No. 139-2.

On November 27, 2019, the Court entered an Order preliminarily approving the Settlement, ordering the Class Notice to be sent to potential members of the Class, appointing Angeion Group as Settlement Administrator, scheduling a fairness hearing for April 29, 2020, and setting deadlines for members of the Class

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 1

1  to object to the proposed Settlement or to request exclusion from it (the

2  "Preliminary Approval Order). ECF No. 141.

3  On April 29, 2020, the Court held a hearing to determine whether to give

4  final approval to the proposed Settlement, heard arguments, and considered all

5  submissions and arguments in connection with the proposed Settlement, including

6  Plaintiff's Unopposed Motion for Final Approval of Settlement, ECF No. 149,

7  Class Counsel's Unopposed Motion for an Award of Attorneys' Fees and Expenses,

8  ECF No. 144, and Plaintiff's Motion for a Class Representative Service Award,

9  ECF No. 143. As explained in the Court's Order dated April 22, 2020, the Court

10 held ruling on these motions in abeyance, as requested by the parties. ECF No. 154.

11 Having considered the submissions and arguments, the Court is of the

12 opinion that the Settlement Agreement is fair, adequate, and reasonable, and that the

13 Settlement should be approved and the Motions should be granted.

14 Accordingly, **IT IS HEREBY ORDERED**:

15 1.    The Court has personal jurisdiction over Plaintiff, Defendants, and

16 members of the Class and subject-matter jurisdiction over this action, including but

17 not limited to jurisdiction to finally approve the proposed Settlement, to grant final

18 certification of the Class, to settle and release claims pursuant to the Settlement

19 Agreement, and to dismiss claims alleged in the Complaint and the Amended

20 Complaint on the merits and with prejudice.

21

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 2

2. The Class that the Court previously certified by Order dated January 25, 2019, ECF No. 109, is hereby finally certified for settlement purposes under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Class consists of:

> All drivers identified in Police Traffic Collision Reports whose Personal Information, as defined by the DPPA, was derived from a Department of Licensing record (e.g. license, registration or database) and the Report was obtained or used by the Swapp Law Firm (d/b/a Craig Swapp & Associates) or Mr. Swapp from the Washington State Patrol between September 1, 2013 and June 23, 2017.
>
> Excluded from the Class are (a) current and former clients of Defendants; (b) individuals identified on the same PTCRs as Defendants' clients; (c) individuals who provided written consent to Defendants for the disclosure of their Personal Information (as defined by the DPPA) prior to Defendants obtaining their personal information; (d) employees (and attorneys) of Defendants and members of their immediate families; and (e) the presiding judge and anyone working in the presiding judge's chambers and the members of their families.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and after considering the requisites set forth therein, the Court confirms its prior appointment of Block & Leviton LLP and Thomas Jarrard as Co-Lead Class Counsel and Plaintiff Jade Wilcox as Class Representative. The Court finds that Class Counsel has fully and adequately represented the interests of the Class for purposes of entering into and implementing the Settlement Agreement and has satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4. The Court finds that the distribution of the Class Notice was in accordance with the terms of the Settlement Agreement and the Court's Preliminary

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~3

Approval Order and:

    a. constituted the best practicable notice to members of the Class under the circumstances of this action;

    b. was reasonably calculated, under the circumstances, to apprise members of Class of (i) the pendency of this class action; (ii) their right to object to any aspect of the proposed Settlement, including the fairness, reasonableness or adequacy of the Class's representation by Plaintiff's counsel and the award of attorneys' fees and expenses; (iii) their right to appear at the Final Approval Hearing; and (iv) the binding effect of the orders and Final Judgment as to all claims against Defendants on all members of the Settlement Classes;

    c. was reasonable and constituted due, adequate and sufficient notice to persons entitled to be provided with notice; and

    d. fully satisfied the requirements of the Federal Rules of Civil procedure (including Rules 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), and any other applicable law.

    5. Based on the Declaration of Defendant James Craig Swapp, the Court finds that Defendants initial untimely CAFA notice is excused and as this order was not entered until 90 days after Defendants provided such notice, appropriate notice was provided to the appropriate federal officials and state officials to whom notice

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~4

must be given pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.  *See* ECF No. 154.

6. The Court finds that the Settlement resulted from arm's length negotiations and the terms and provisions of the Settlement Agreement have been entered into in good faith.  The Court has considered factors including: (i) the strength of Plaintiff's case compared to the value of settlement; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class action status through trial; (iv) the amount recovered, the value of nonmonetary relief to the Class, and Defendants' ability to pay a final judgment; (v) the experience and views of Class Counsel; and (vi) the reaction of Class members.  As all of these factors favor final approval, Plaintiff's Motion for Final Approval, **ECF No. 149**, is **GRANTED** and the Settlement is hereby fully approved as fair, reasonable, adequate, and in the best interests of Plaintiff and members of the Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

7. Plaintiff, Class Counsel, Defendants, the Settlement Administrator, and members of the Settlement Class are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8. The Protective Order dated March 21, 2018, and previously entered by the Court is hereby modified such that the term "Final Disposition" shall mean "until

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 5

Defendants have paid all monetary amounts required under the Settlement."

9. The Releases contained in Section 12 of the Settlement Agreement are expressly incorporated herein and are effective as of the date of this Order and Final Judgment.

10. Plaintiffs and the Class are deemed conclusively to have released and waived any and all Settled Claims, as defined by Section 12.1 of the Settlement Agreement (except as set forth in Section 12.3), against the Defendants; and Defendants are deemed conclusively to have released and waived any and all Settled Claims, as defined by Section 12.2 of the Settlement Agreement (except as set forth in Section 12.3), against Plaintiff, each member of the Class, and Class Counsel.

11. Plaintiffs and the Class are barred and enjoined from prosecuting any and all Settled Claims, as set forth in Section 12 of the Settlement Agreement, against the Defendants; and Defendants are barred and enjoined from prosecuting any and all Settled Claims, as set forth in Section 12 of the Settlement Agreement, against Plaintiff, each member of the Class and Class Counsel.

12. Upon review of the affidavits and supporting materials provided by Class Counsel, the Court finds that the hourly rates of and hours expended by Class Counsel in this case are reasonable. The Court has also considered the following factors, among others, to determine the amount of fees to award to Class Counsel in this case: (1) the result obtained for the Class; (2) counsel's efforts, experience, skill, and performance; (3) the complexity of the issues; (4) the risks of non-payment

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~6

assumed by counsel; (5) the reaction of the class; and (6) non-monetary benefits. After consideration of the relevant factors, Class Counsel's Motion for an Award of Attorneys' Fees and Expenses, **ECF No. 144**, is **GRANTED**. The Court approves an award to Class Counsel of attorneys' fees in the amount of $1,270,357.75, and expenses of $56,393.87, to be paid as provided by the Settlement Agreement and Defendants will pay the approved fees and expenses awarded by this Order consistent with the Settlement Agreement.

13. The attorneys' fees and expenses awarded by this Order and paid pursuant to the Settlement Agreement will be allocated among Class Counsel and Plaintiff's Counsel as determined in the reasonable discretion of Co-Lead Class Counsel. To the extent that there is any dispute among Class Counsel and/or Plaintiff's Counsel, this Court will retain jurisdiction with respect to any issue or dispute regarding the allocation of such attorneys' fees and expenses.

14. After considering the time and effort expended by Jade Wilcox in assisting with the initiation and prosecution of this litigation, the Court finds that a service award of $10,000.00 to Plaintiff is reasonable and proper to compensate Ms. Wilcox for her work done behalf of the Class, and Plaintiff's Motion for Class Representative Service Award, **ECF No. 143**, is **GRANTED**.

15. The Court has jurisdiction to enter this Order and the accompanying Final Judgment. The Court shall retain exclusive jurisdiction, without affecting the finality of the Order entered, with regard to: (i) implementation of this Settlement

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 7

Agreement; (ii) disposition of the Settlement Fund; and (iii) enforcement and administration of this Settlement Agreement, including the release provisions and the payment of attorneys' fees and expenses.

16. **All the claims alleged in the Amended Complaint**, including all class claims, against Defendants are hereby **dismissed with prejudice** by Plaintiff and all other members of the Class, without fees or costs to Plaintiff, the Class, or Defendants, except as otherwise provided in the Settlement Agreement as approved by this Order and Final Judgment.

17. At the hearing, counsel for Defendants moved to dismiss Defendants' pending motions upon entry of this Order. Accordingly, upon request of the filing party, Defendants' Motion to Reconsider, **ECF No. 113**, and Defendant's Motion to Certify Appeal, **ECF No. 115**, are **STRICKEN**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter Judgment as outlined, provide copies of this Order to counsel, and **close this case**.

**DATED** July 23, 2020.

                                            *s/ Rosanna Malouf Peterson*
                                      ROSANNA MALOUF PETERSON
                                        United States District Judge